BOSTON AND WORCESTER STREET RAILWAY COMPANY
*vs.* HENRY H. ROSE.

Middlesex.     December 7, 1906. — February 26, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract*, Performance and breach.  *Equity Jurisdiction*, Specific performance.  *Equity Pleading and Practice*, Bill, Amendment, Decree.

In a suit in equity by a street railway company to compel the specific performance of a contract to convey to the plaintiff a strip of land on the proposed location of its railway, the contract sought to be enforced, giving an option to purchase the land, provided as follows: "This option may be accepted in writing by said corporation within ninety days from this date and within thirty days after such acceptance, said conveyance shall be made by warranty deed . . . whenever and wherever said corporation shall tender said agreement after seven days' notice by it of the time and place of tender." It appeared that the plaintiff accepted the option within the ninety days named but did not offer performance and demand a deed from the defendant until thirty days after the acceptance had expired, although five days after such expiration the plaintiff tendered the purchase money and a deed for execution by the defendant and then gave the defendant seven days' notice of a time and place of performance, in accordance with which the parties met and the defendant refused the plaintiff's tender of performance. *Held*, that, although the provision fixing the time within which the option might be accepted was of the essence of the contract, the provision which stated the time after the acceptance within which the deed must be delivered was not of such essence, and that the plaintiff was entitled to a decree for specific performance in spite of its failure to tender performance and demand a deed within thirty days after its acceptance of the option.

In a suit in equity by a street railway company to compel the specific performance of a contract to convey to the plaintiff a strip of land on the proposed location of its railway, where under the contract proved it was the duty of the defendant to prepare and deliver a deed, and the plaintiff was to pay a sum of money and to do certain things upon the land which could not be done until it acquired title to it, the plaintiff showed that it tendered the money and offered a deed for execution by the defendant, which did not contain a statement of all the things to be done by the plaintiff as a part of the consideration, that the defendant refused to sign this deed and never prepared or tendered a deed, that a formal notice in writing given by the plaintiff to the defendant of the time and place of performance stated that the plaintiff would be ready to receive the conveyance of the land and "to tender the consideration therefor" at the time and place named, and that the defendant at the time and place named neglected to prepare a deed, and refused to carry out his contract on grounds other than the failure of the plaintiff to include in the deed prepared by it all the agreements made by the plaintiff, and there was nothing to indicate that the plaintiff ever refused to perform those agreements when it should receive its title. *Held*, that the evidence warranted a finding that there was a sufficient offer of performance on the part of the plaintiff to enable it to maintain its bill.

In a suit in equity by a street railway company to compel the specific performance of a contract to convey to the plaintiff a strip of land on the proposed location of its railway, a copy of a contract in writing for an option to purchase the land, accepted by the plaintiff, was annexed to the bill and made a part of it. Annexed to the answer was a copy of another instrument in writing which the defendant alleged to be a part of the contract between the parties. A master found that the two instruments were delivered at the same time and together constituted the contract of option between the parties. The bill originally contained the following averment: "The plaintiff is ready and willing and hereby offers to pay to the defendant said sum of $500 and to comply with any and all other terms of said agreement on its part to be performed." The plaintiff was allowed to amend by adding to this averment the words "and any and all terms of the paper, a copy whereof is annexed to the defendant's answer, to such extent and in such manner as the court may require." The defendant objected that the contract, which was made up of the two papers, was not set forth in the bill fully and formally. *Held,* that, while it would have been more regular, in making the amendment, to include the contents of the additional paper with the formal statement of the other part of the contract, the reference to the paper annexed to the defendant's answer and the offer to perform the contract according to its terms should be treated as an embodiment of the contents of the paper in the contract set forth in the bill, and that the bill as amended contained a sufficient statement to protect the rights of the parties.

In a suit in equity by a street railway company to compel the specific performance of a contract to convey to the plaintiff a strip of land on the proposed location of its railway, where under the contract proved it was the duty of the defendant to prepare and deliver a deed and the plaintiff was to pay a sum of money and to do certain things upon the land which could not be done until it acquired title to it, and where there was no requirement in the contract that the performance of the plaintiff's agreements should be made conditions subsequent in the deed, the court in ordering a conveyance of the land were of opinion that the rights of the defendant could be secured properly by inserting in the deed agreements which would be binding on the grantee and its successors and assigns, instead of by inserting conditions, the breach of which at any time would work a forfeiture.

BILL IN EQUITY, filed in the Superior Court on September 14, 1904, to compel the specific performance of a contract to convey to the plaintiff a narrow strip of land in the town of Natick with an easement in adjoining land.

The plaintiff was allowed to amend its bill by adding the words quoted below. In allowing the amendment the judge imposed the condition, that, if it should be determined that the bill was not maintainable without the amendment, the plaintiff was to take no costs to the date of the amendment and was to pay the defendant's costs to that date.

Annexed to the bill was a copy of a contract in writing under seal marked Exhibit A which was the contract sought to be enforced. Annexed to the answer was a copy of another in-

strument in writing which was marked Exhibit 1, signed in behalf of the plaintiff and by the wife of the defendant, which was alleged to be a part of the contract between the parties.

The seventh paragraph of the bill originally was as follows: " 7. The plaintiff is ready and willing and hereby offers to pay to the defendant said sum of $500 and to comply with any and all other terms of said agreement on its part to be performed."

The amendment to the bill above referred to was by adding to the seventh paragraph the words " and any and all terms of the paper, a copy whereof is annexed to the defendant's answer, marked Exhibit 1, to such extent and in such manner as the court may require."

Exhibit A was as follows:

" Know all men by these presents, That I, Henry H. Rose of Natick in the County of Middlesex and Commonwealth of Massachusetts, in consideration of one dollar and other valuable considerations to me paid by the Boston and Worcester Street Railway Company, a corporation organized under the laws of said Commonwealth, the receipt whereof is hereby acknowledged, do hereby, for myself and my heirs, executors and administrators agree with said Boston and Worcester Street Railway Company to sell and convey to said Boston and Worcester Street Railway Company the property hereinafter described upon the following consideration: The payment of five hundred dollars, the erection and maintenance of cement tank and pipes and outlet for the restoration of spring, the erection and maintenance of Page woven wire fence on westerly boundary, the erection and maintenance of stopping point as designated by grantor.

" This option may be accepted in writing by said corporation within ninety (90) days from this date and within thirty (30) days after such acceptance, said conveyance shall be made by warranty deed with full covenants and dower release, if necessary, conveying a clear title free from all encumbrances, whenever and wherever said corporation shall tender said agreement after seven (7) days' notice by it of the time and place of tender.

" The property to be conveyed consists of a parcel of land situated on the south side of Worcester Street in said Natick

shown on plan of Edwin H. Rogers, dated June 25, 1903, revised March 24, 1904, entitled 'Boston & Worcester Street Railway Company, Natick, Mass., Proposed Location of Natick Branch Line across Land of the Waban Rose Conservatories,' and bounded and described as follows: . . . [Description.]

" Containing about one and fifteen one-hundredths (1.15) acres.

" Together with the right to slope and bank the cut and fill on my land adjoining the granted premises to such extent as may be necessary or convenient for the construction and operation of a street railway on the granted premises and the right forever to maintain said cut and fill as so sloped and banked.

" In case of failure to make conveyance as above agreed said Boston and Worcester Street Railway Company may enforce this agreement or recover damages for its breach.

" In witness whereof I, said Henry H. Rose, hereto set my hand and seal this twenty-sixth day of April, 1904.

" Henry H. Rose.    (Seal.)

" Witness.

 " Bertram D. Sumner."

" Accepted this twenty-fifth day of July, 1904.

" Boston and Worcester Street Ry. Co.

" By William M. Butler, President."

Exhibit 1 was as follows:

" Natick, April 30, 1904.

" Know all men by these presents, that I, Henry H. Rose of Natick, County of Middlesex and Commonwealth of Massachusetts, in consideration of five hundred dollars and other valuable considerations to be paid by the Boston and Worcester Street Railway Company, a corporation organized under the laws of said Commonwealth, the receipt whereof is hereby acknowledged do hereby for myself and my heirs, executors and administrators agree with said Boston and Worcester Street Railway Company to sell and convey to said Boston and Worcester Railway Company the property hereinafter described, upon the following considerations:

" Namely that a cement tank or such as I shall specify be constructed on my land at the nearest suitable place from the spring, and the water conveyed from the spring to it in pipes and an

outlet pipe, if necessary, to carry the water from it; the pipes on street railway land, to be maintained forever, all water flowing from said spring to belong to me.

" That a temporary fence be built on the east side of my pasture and maintained during the construction of said road, sufficient to keep my cows in pasture.

" That on the completion of said road a Page woven wire fence shall be built on my land as near the said road as practical to be maintained forever.

" That the gravel pit that was used to take out gravel during the construction of the main line, shall be filled in and levelled off and loam that was taken from it be spread on top and sown down with grass seed to my satisfaction, during the coming summer.

" That a white post be maintained at Walnut Street and cars stop to let off and take on passengers same as now.

" That there shall be a stopping place to take on and let off passengers on the Branch Road opposite my land at such place as I shall specify.

" That culverts be built over brook where said Road crosses it, satisfactory to me.

" That the trees necessary to be cut to build said road, be cut in such lengths as I shall specify and placed on my land to be used by me.

" The above named specifications are hereby agreed to, on the condition that said Rose delivers to the Boston and Worcester Street Railway Company a proper warranty deed of land as described.

" Natick, April 30th, 1904.

" Boston and Worcester St. Ry. Co.
" By Bertram D. Sumner, Agent.
" Lydia A. Rose."

The case was referred to S. K. Hamilton, Esquire, as master. His report contained the following findings:

" I find that the two papers, one dated April 26, 1904, and the other dated April 30, 1904, were delivered at the same time and together constitute the option which the defendant gave the plaintiff, and which entitled the plaintiff to a proper warranty deed of the property described therein upon the performance of

the conditions therein named, or in some form by which the rights of the defendant should be protected.

"I find that this option was accepted on the 25th day of July, A. D. 1904, and became operative as a contract at that time. The option further provided that a conveyance of said premises should be made within thirty days after such acceptance by warranty deed, with full covenants and dower release, if necessary, conveying a clear title free from all incumbrances whenever and wherever said corporation should tender the consideration named in said option after seven days' notice by it of the time and place for tender.

"I find that the plaintiff did not tender said consideration nor give the defendant any notice of the time and place for tender within the thirty days named.

"I find that on the 29th day of August, A. D., 1904, the plaintiff tendered the defendant the sum of five hundred dollars ($500.00), together with a deed for his signature. This the defendant declined to sign, it not being in accordance with the option. Thereafter, on August 29, 1904, the plaintiff notified the defendant that it would be ready to receive the conveyance of the land described in said option and to tender the consideration therefor at the registry of deeds in Cambridge, on Tuesday, September 6, 1904, at ten o'clock A. M. The parties met in accordance with said appointment and the plaintiff again tendered to defendant the sum of five hundred dollars ($500.00) and a deed similar to the one tendered August 29th. This tender was declined in writing at the time of the tender.

"I find that it was the duty of the plaintiff to give the defendant seven days' notice of the time and place within the said thirty days when and where it would tender the defendant the consideration set forth in said option, and that it was the duty of the defendant to prepare and execute a deed in accordance with said option ready for delivery upon the proper tender. Neither did what was incumbent upon him. The defendant contends and asks me to find that time was of the essence of the contract. I do not consider it necessary in making my findings to determine that question, but I do find that both parties have so conducted themselves that they have waived the performance of the contract within the thirty days named.

" I find that the consideration named in the option was such that it could not be performed in full until the plaintiff had obtained at least a conditional title to the premises described in the option.   I find that on the 6th day of September, A. D. 1904, at the registry of deeds in Cambridge, upon service of a notice therefor, the parties met and then and there the plaintiff tendered to the defendant such portion of the consideration as it was possible for it to tender at that time, to wit, five hundred dollars ($500.00), and that the defendant did not tender a deed such as was set out in the option, or one which would under the circumstances protect his interests.   I find that the said five hundred (500) dollars was enclosed in an envelope and remained in the hands of the plaintiff corporation ready for payment until the beginning of this suit, when the same was deposited in the International Trust Company to the credit of the plaintiff corporation.

" I find that the plaintiff is entitled to have a conveyance of the premises described in the option in such form as the court may determine will protect the defendant's interests and secure the performance of the remainder of the consideration set forth in said option upon the payment to the defendant of five hundred (500) dollars."

In the Superior Court the case was heard by *Lawton,* J. upon the master's report and the defendant's exceptions thereto.   The judge made a final decree overruling the exceptions to the master's report and ordering a specific performance of the contract in the manner and upon the conditions set forth in the decree. The defendant appealed.   The plaintiff also appealed.

*W. R. Bigelow,* for the defendant.

*F. L. Norton,* for the plaintiff.

KNOWLTON, C. J.   The master has found that the two papers, one dated April 26, 1904, and signed by the defendant, and the other dated April 30, 1904, and signed by the plaintiff's agent, " were delivered at the same time and together constitute the option which the defendant gave the plaintiff, and which entitled the plaintiff to a proper warranty deed of the property described therein upon the performance of the conditions therein named, or in some form by which the rights of the defendant should be protected."   The option was accepted in writing on July 25, 1904, and became operative as a contract at that time.

There is no ground for the contention that it was void for want of mutuality, for it became enforceable by either party upon its acceptance within the time specified. *Mansfield* v. *Hodgdon,* 147 Mass. 304.   *O'Brien* v. *Boland,* 166 Mass. 481.   *Putnam* v. *Grace,* 161 Mass. 237.

In that part of the writing which fixed the time within which the option might be accepted, time was of the essence of the contract.   In that part which stated a time after the acceptance within which the deed should be delivered, the contract is within the ordinary rule that time is not of the essence of the contract, unless it is made material by express stipulation, or unless there are circumstances indicating that it was deemed important by the parties and was intended to be made the subject of a stipulation to be performed literally, or unless there is such a change of conditions after the time fixed for performance, that the enforcement of the contract would be inequitable.  *Barnard* v. *Lee,* 97 Mass. 92, and cases cited.   *Carter* v. *Phillips,* 144 Mass. 100.   *Cheney* v. *Libby,* 134 U. S. 68, 77.   The defence founded on the failure of the plaintiff to tender performance and demand a deed until five days after the expiration of the thirty days from the acceptance of the option is not established.

The next objection of the defendant rests upon the contention that the plaintiff's offer of performance was not sufficient.   By the terms of the contract, it was the duty of the defendant to prepare and deliver a deed.   There is no dispute that the plaintiff repeatedly tendered the money, which was the substantial part of the consideration for the conveyance, and that the defendant never prepared or tendered a deed.   The plaintiff tendered a deed, to be signed by the defendant, which did not contain a statement of all the things to be done by the plaintiff as a part of the consideration.   As to most of these things, it is to be noticed that they could not be performed until after the land had been conveyed.   The writing signed by the plaintiff's agent, which states these things, ends with the sentence, " The above named specifications are hereby agreed to, on the condition that said Rose delivers to the Boston and Worcester Street Railway Company a proper warranty deed of land as described."   The plaintiff's formal notice, after the defendant's neglect to prepare a deed and the refusal to sign the deed prepared by the plaintiff,

was that "said company will be ready to receive the conveyance of the land described in said option and to tender the consideration therefor," at the time and place fixed. After this notice the defendant, at this time and place, neglected to prepare the deed and refused to carry out his contract, on grounds other than the failure of the plaintiff to include, in the deed prepared by it, all the agreements made by the plaintiff in the acceptance of the option. There is nothing to indicate that the plaintiff ever refused to perform these agreements when it should receive its title, without which they could not be performed. We are of opinion that, in view of the defendant's conduct, the master was right in his finding that there was a sufficient offer on the part of the plaintiff to enable it to maintain the bill.

It is contended that the bill, as amended by including a statement of the plaintiff's readiness and willingness and offer to comply with all the terms of the paper prepared by the defendant's wife, and signed by its agent, as well as the terms of the other paper which formally constituted the option, is insufficient. The objection is that the contract, which was made up of two papers, was not given fully and formally in the stating part of the bill. The paper expressly referred to in the stating part of the bill was the principal part of the contract. The second paper, prepared by the defendant's wife, was informal, and it contained the most important of the things to be done by the plaintiff, stated in the other writing in different language, and it included certain others. While it would have been more regular, in making the amendment, to include the contents of the additional paper with the formal statement of the other part of the contract, we think the reference to the paper, a copy of which is annexed to the defendant's answer, and the offer to perform the contract according to its terms, should be treated as an embodiment of it in the contract on which the bill was brought, and as a sufficient statement to protect the rights of the parties.

According to the terms prescribed by the judge when the amendment was allowed, the plaintiff is to take no costs up to the date of the amendment, and it is to pay the defendant's costs to that date. The record does not enable us to determine whether there is any error in the decree as to the allowance of costs. The exceptions to the master's report were rightly overruled.

Inasmuch as the option states that the "conveyance shall be made by a warranty deed with full covenants and dower release, if necessary, conveying a clear title free from all encumbrances," and inasmuch as there is no suggestion that the construction of the cement tank and the maintenance of it and of the pipes forever, and the construction and maintenance of the Page woven wire fence are to be secured by making them conditions subsequent in the deed, we are of opinion that the rights of the defendant in this particular can be properly secured by inserting agreements in the deed, to be binding on the grantee and its successors and assigns, instead of by conditions, the breach of which at any time would work a forfeiture. The decree should be modified accordingly.

*Decree for the plaintiff.*