**GREYLOCK MILLS v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Second Circuit. April 1, 1929.

No. 222.

Sanford Robinson, of New York City, for appellant.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Millar E. McGilchrist and Barham R. Gary, Sp. Asst. Attys. Gen., C. M. Charest, Gen. Counsel, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge. The validity of the contested taxes turns upon the statute of limitations and an alleged waiver thereof by the taxpayer. Notice of the deficiency assessments was mailed to the taxpayer on December 18, 1925. This was too late, unless the time was extended by the waiver, because the five-year period for assessment, provided by section 250(d) of the Revenue Act of 1921 (42 Stat. 265), and reaffirmed by section 277a(2) of the Revenue Act of 1924 (43 Stat. 299), expired in respect to taxes for the six months period of 1918 on June 15, 1924, and in respect to taxes for the 1919 fiscal year on September 19, 1924. The waiver in question was filed with the Commissioner on February 6, 1923, and recited that, pursuant to section 250(d) of the Revenue Act of 1921, the taxpayer and the Commissioner "hereby consent to a determination, assessment, and collection of the amount of income, excess profits, and war profits taxes due under any return made by or on behalf of the said corporation for the years 1917–1920, * * * irrespective of any period of limitations."

■ The validity of the waiver is assailed upon the ground that it was never duly executed by the Commissioner. Section 250(d) of the Revenue Act of 1921 requires assessment within five years after the return was filed, "unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax." The waiver bore the signature of the taxpayer when it was filed. The precise date when the Commissioner's signature was affixed by his authorized agent does not appear, but the board has found on sufficient evidence that it was within a reasonable time and prior to September, 1923. The legislative purpose in requiring the Commissioner to consent in writing to a later assessment is not apparent. The taxpayer waives the statute. What consideration the Commissioner gives in exchange is hard to see.

It has not been suggested that such a waiver, when signed by the Commissioner, binds him to postpone the assessment until after the five-year period has run; but, unless it does, he binds himself to nothing which he is not already bound to do by his official duty. But, even if the statute be deemed to contemplate a contract between the Commissioner and the taxpayer, there is nothing in the principles of contract law which would prevent the Commissioner from accepting the taxpayer's offer at any time while it remains open. Viewing the waiver filed by the taxpayer as an offer for a contract, we should construe it as intended to remain open to acceptance at any time prior to the running of the statutory period, unless previously withdrawn by notice to the Commissioner.

■ It is also contended that the Commissioner's execution of the waiver was invalid, because he gave the taxpayer no notice of his acceptance of it, and the taxpayer obtained no knowledge of its having been signed by the Commissioner until a conference between them on October 19, 1925. The statute says nothing as to when the Commissioner shall sign, nor as to giving notice when he does so. If he signs before the taxpayer withdraws his waiver, and before the statutory period for assessment has run, the waiver is executed as the statute requires. Nothing more is needed to give the waiver validity.

■ It is next argued that the waiver expired on April 1, 1924. This is based upon the Commissioner's ruling of April 11, 1923, known as "Mimeograph 3085." It reads:

"The form of waiver now in use extends the time in which assessments of 1917 income and excess profits taxes may be made to one year from the date of signing by the taxpayer. Inasmuch as there are many waivers on file, signed by taxpayers, containing no limitation as to the time in which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924."

The ruling clearly relates exclusively to waivers as to 1917 taxes. The appellant's waiver was in legal effect a separate waiver as to taxes for each of the years therein mentioned. The argument that, because these separate waivers were incorporated in a single memorandum, all were affected by the ruling which affected one, is so transparently without merit that we mention it merely to indicate it has not been overlooked.

■ Of similar character is the argument that the waiver as to 1918 taxes related to taxes for a full year, and does not cover taxes for the six months period ending June 30, 1918.

■ The next contention is that a waiver unlimited in time must be construed as authorizing action by the Commissioner only within a reasonable time, and that a reasonable time for action had expired before December 18, 1925. Assuming, without decision, that the waiver requires action under it within a reasonable time, it is fallacious to begin to measure the time from the date of filing on February 6, 1923. The waiver began to operate as an extension of the Commissioner's authority only after the five-year period for assessment had ended, namely, June 15, 1924, as to the 1918 taxes, and September 19, 1924, as to the 1919 taxes. The most the taxpayer can claim is that it expired

within a reasonable time after those dates, respectively.

We are asked to rule that in no event could assessments made more than one year thereafter be deemed to be within a reasonable time. We are not disposed to adopt a standard so inflexible. The Board of Tax Appeals has found that a letter asserting a deficiency was sent to the taxpayer on August 27, 1925, resulting in negotiations, and that the parties were corresponding about the taxes in controversy as late as December 1, 1925. It found as a fact that the Commissioner acted within a reasonable time. We could hardly say this was error as a matter of law, and we might rest our affirmance upon this ground.

But there is also another ground equally fatal to appellant's contention. If waivers which are in terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time, say three or four months, from the date of such notice. In such a rule there is no harshness to either party; on the contrary, it seems to us the most reasonable one. An analogy may perhaps be found in the case of contracts for the sale of land, where time does not ordinarily become of the essence, unless expressly so stated, until notice is given by one party and an opportunity afforded to the other to act. See Myers v. De Mier, 52 N. Y. 647; Scudder v. Lehman, 142 App. Div. 631, 127 N. Y. S. 470; Brede v. Rosendale Terrace Co., 216 N. Y. 246, 250, 110 N. E. 430; Boston & Worcester St. Ry. Co. v. Rose, 194 Mass. 142, 80 N. E. 498; Martindale v. Waas, 8 F. 854 (C. C. Minn.). In the instant case, no such notice was given to the Commissioner, and we think the waiver remained outstanding, so that he was entitled to act at his leisure.

Finally, the taxpayer challenges the collection by distraint on October 5, 1925, of $28,298.98, being taxes shown to be due by its return for the fiscal year 1919, with interest thereon. These taxes were assessed November 26, 1919. It is claimed that, in the absence of a waiver, they could not be collected after September 19, 1924, five years from the date of the filing of the return. It is further claimed that the aforesaid waiver did not extend the time for collecting taxes already assessed. We think the waiver should be read disjunctively, so as to authorize assessment or collection of any tax due for the fiscal year 1919. See Bowers v.

N. Y. & Albany Lighterage Co., 273 U. S. 346, 351, 47 S. Ct. 389, 71 L. Ed. 676.

The order of the Board of Tax Appeals is affirmed.