**LUCAS, Commissioner of Internal Revenue, v. UNITED STATES ex rel. HEINE-MAN CHEMICAL CO.**

Court of Appeals of District of Columbia. Argued November 5, 1929. Decided December 2, 1929.

Motion for Rehearing Denied. December 14, 1929.

No. 4922.

Leo A. Rover, John W. Fihelly, and C. T. Hendler, all of Washington, D. C., for appellant.

William Cogger and John E. Hughes, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The Heineman Chemical Company, as plaintiff, filed a petition in the lower court praying for a writ of mandamus to compel the Commissioner of Internal Revenue to issue forthwith a sixty-day letter and send the same by registered mail to it, indicating therein his final determination as Commissioner of its tax liability for the years 1917 and 1918. The Commissioner filed an amended answer to the petition, and plaintiff demurred thereto. The lower court sustained the demurrer, and, the Commissioner electing to stand upon his answer, the court issued a peremptory writ of mandamus as prayed in the petition. This appeal followed.

The sole question involved herein is whether the plaintiff was entitled to judgment upon the facts admitted by the pleadings.

The following facts are conceded: The plaintiff filed its income tax returns for the years 1917 and 1918 with the Collector of Internal Revenue, and paid all of the tax shown to be due for 1917, and part of that shown to be due for 1918. In February, 1924, the Commissioner made certain jeopardy assessments of additional taxes upon plaintiff for 1917 and 1918, under the provisions of subdivision (d) of section 250 of the Revenue Act of 1921 (42 Stat. 265). In March and April, 1924, plaintiff filed several claims for a refund of part of the payments already made by it in both years, and for an abatement of the balance of the assessments remaining unpaid, including the jeopardy assessments. At the same time plaintiff applied to have its taxes for 1917 determined under the provisions of section 210, Revenue Act of 1917 (40 Stat. 307), and the taxes for 1918 determined under the provisions of section 327 and 328, Revenue Act of 1918 (40 Stat. 1093).

On April 25, 1925, the Commissioner sent to plaintiff by registered mail a notice of the rejection of all of the claims aforesaid, except for the allowance of a minor sum in partial abatement of the jeopardy assessments.

The plaintiff upon receipt of this notice filed a protest with the Commissioner against his rulings, and an oral hearing was accorded to it; but, on December 17, 1925, the Commissioner mailed a letter to plaintiff which was duly received by it, but which was not sent by registered mail, notifying it that the conclusions set forth in the previous notice, dated April 25, 1925, were sustained, and the case therefore deemed closed.

Afterwards, on February 28, 1928, plaintiff requested the Commissioner to forward to it by registered mail "a sixty-day letter in respect of the Commissioner's final determination of the claims in abatement for the years 1917 and 1918." Plaintiff stated as a reason for this request that it desired to appeal to the Board of Tax Appeals for a redetermination of the assessment, and that the Board would have no jurisdiction over such an appeal unless the notification of the

Commissioner's final determination was sent to plaintiff by registered mail.

The Commissioner refused to comply with this request, and on June 28, 1928, plaintiff filed its petition in this case praying for a writ of mandamus, alleging that, "because of defendant's refusal to issue said letter by registered mail," the collector of internal revenue had issued his notice and demand for the tax, and threatened to distrain the plaintiff's property, that plaintiff was without an adequate remedy at law to prevent such distraint, and that, because of the defendant's refusal to issue such notice by registered mail, the plaintiff was deprived of its right to have its tax liability finally determined by the United States Board of Tax Appeals.

The lower court sustained plaintiff's claims, and issued a peremptory writ of mandamus directed to the Commissioner, commanding him "to forthwith send by registered mail a copy of his determination dated December 17, 1925, sustaining the conclusions set forth in letter of April 25, 1925."

We think the lower court should have overruled the demurrer and dismissed the petition on the ground of manifest laches on the part of the plaintiff in proceeding with its claim. It is provided by section 274(a), Revenue Act of 1924 (26 USCA § 1048 note) that, if the Commissioner determines that there is a deficiency in any return in respect of the tax imposed under the act, except as provided in subdivision (d) of the same section (26 USCA § 1051 note), the taxpayer shall be notified of such deficiency by registered mail, and within 60 days after such notice is mailed the taxpayer may appeal to the Board of Tax Appeals. It is provided by subsection (b) of section 279, Revenue Act of 1924 (26 USCA § 1063 note) that, if a claim in abatement is filed by a taxpayer under that section, it shall be transmitted to the Commissioner, who shall by registered mail notify the taxpayer of his decision on the claim, and the taxpayer may within 60 days after such notice is mailed file an appeal with the Board of Tax Appeals.

The Commissioner undertook to comply with these requirements by sending the registered letter of April 25, 1925, and also the unregistered letter of December 17, 1925. The plaintiff thereby received actual notice on the latter date of the Commissioner's final determination, and the duty rested upon it to proceed with due diligence to enforce whatever rights it claimed to have in the premises. Instead of discharging this duty, plaintiff took no action whatever until after the lapse of two years, when for the first time it demanded that a notice of the Commissioner's final determination should be sent to it by registered mail. The petition for mandamus was filed two years and six months after actual notice was received by plaintiff of the Commissioner's final determination of the issue. The record does not disclose what action was taken by the collector during this time for the collection of the assessments, but it may be inferred that the tax assessments were actually collected by the government before the plaintiff made its request for a notification by registered mail. The plaintiff's claim cannot serve to excuse its delay.

The judgment of the lower court is accordingly reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.