**ROY & TITCOMB, Inc., v. UNITED STATES.**
No. K—48.

Court of Claims.
April 7, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Miles J. O'Connor, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and GRAHAM, GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

This is a suit to recover $5,720.42, corporation income and profits tax, and $781.25,

interest thereon, paid in July and August, 1926. The basis of plaintiff's claim is that the tax and interest were paid after the expiration of the period of limitation for their collection. The defendant insists that under sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611) no recovery can be had.

We think the claim of plaintiff that the tax was barred at the time it was collected is without merit. Plaintiff argues that at the time the written consent was entered into between it and the Commissioner on June 7, 1924, the statute of limitation of five years had expired and that this consent did not operate to give the Commissioner any right to assess and collect any further tax; that, for a like reason, the written consent entered into on November 20, 1925, gave the Commissioner no right in respect of the tax and interest in question. Plaintiff further contends that in any event the written consents waived the statute of limitation only as to the time within which the Commissioner might make assessment of tax and therefore gave him no right to collect. The statutory period of limitation of five years relating to taxes for the year 1918 had not expired on June 7, 1924, for the reason that the return required by the statute was filed on June 16, 1919, the tentative return, which was filed on March 28, 1919, not having set in motion the statute of limitation. Florsheim Bros. Dry Goods Co., Ltd., v. United States, 50 S. Ct. 215, 74 L. Ed. ——, decided February 24, 1930.

The first consent of June 7, 1924, did not provide any definite expiration date but, in view of the second consent on November 20, 1925, this is unimportant. Pictorial Printing Co., 12 B. T. A. 1407; Greylock Mills v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 655.

The facts show that the assessment was made on March 13, 1924, and on March 27, 1924, nearly three months before the five-year statute of limitation had expired, plaintiff filed a claim for the abatement of the entire additional assessment.

■ We are of opinion that a consent extending the time for assessment of taxes likewise extended the time for collection of such tax. Watt & Holmes Hardware Co., 8 B. T. A. 372. Sunshine Cloak & Suit Co., 10 B. T. A. 971, W. P. Brown & Sons Lumber Co. v. Commissioner of Internal Revenue (C. C. A. 6th Cir.) 38 F.(2d) 425, paragraph 668, vol. 1, 1930 P. H. Fed. Tax Service. It is evident that at the time the consent of June 7, 1924, was entered into between the plaintiff and the Commissioner, it was intended that the time for collection should be extended because the tax had already been assessed and plaintiff's claim for the abatement thereof was pending before the Commissioner. On the date this consent was entered into, only eight days of the five-year limitation period for collection remained, and it seems evident that the purpose of the plaintiff in executing this consent was to be relieved from paying the jeopardy assessment until its abatement claim could be acted upon and that the purpose of the Commissioner in its execution was to enable him to consider and decide upon the merits of the abatement claim before enforcing payment.

After this consent was entered into the Commissioner made an examination of plaintiff's records and reduced the assessment $13,161.90. It is likewise true that the second consent of November 20, 1925, contemplated an extension of time for collection because the matter of the claim for abatement had not been completely adjusted, since it appears that on October 23, 1926, the Commissioner finally determined the correct tax liability for 1918 to be $16,201.01, thereupon abating a further sum of $2,206.58 of the additional assessment of $21,088.90 for 1918. Except for the consents the Commissioner would have been precluded from collecting any portion of the additional assessment for 1918 after June 15, 1924. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. By these consents, the last of which was in effect at least until December 31, 1926, the plaintiff obtained a postponement of the collection of the additional assessment for 1918 until its abatement claim was finally acted upon and the assessment materially reduced. It would be a vain act for the parties to consent to the assessment of a tax that had already been assessed within the period of limitation provided by the statute, or to consent only to an assessment of a tax that could not be collected.

■ Consents such as we have here must be construed in the light of the conditions existing at the time they are entered into and we think under the facts shown by the record the parties intended by these consents that the Commissioner should have the right to collect the tax for 1918 at any time prior to the date agreed upon.

The assessment of the additional tax for 1918 appears to have been a jeopardy assessment without full compliance with the provisions of section 250 of the Revenue Act of

1921 (42 Stat. 264), inasmuch as the plaintiff was permitted to file an abatement claim which was considered in connection with a more thorough examination by the Commissioner. The Commissioner did not make his final determination in respect of the tax liability of plaintiff until October 23, 1926, when he finally decided the plaintiff's claim for abatement. In cases such as this, where the assessment was made prior to June 2, 1924, the date of the enactment of the revenue act of 1924, and an abatement claim was filed which the Commissioner considered and finally decided after the enactment of the revenue act of 1924, the Board of Tax Appeals had jurisdiction of a petition by the taxpayer to contest the correctness of the Commissioner's decision, Joseph Garneau Co., 1 B. T. A. 75; Terminal Wine Company, 1 B. T. A. 698, and section 283(e) of the Revenue Act of 1926 (26 USCA § 1064) specifically provided for such proceeding. In those cases the Board of Tax Appeals held that when the Commissioner made a jeopardy assessment he had not "determined that any assessment should be made" within the meaning of section 280 of the Revenue Act of 1924 (26 USCA § 1064 note) until he finally decided the claim for abatement. The case of W. P. Brown & Sons Lumber Co. v. Commissioner, supra, affirming the decision of the Board of Tax Appeals, is of similar import.

Plaintiff contends that the language of the consent of November, 1925, with reference to the mailing of the notice and the appeal to the United States Board of Tax Appeals, shows conclusively that it had no reference to the assessment which had been made, but only to a further assessment. We think this argument is without merit, inasmuch as the plaintiff had a right to appeal to the Board of Tax Appeals from the Commissioner's decision upon its abatement claim. By this consent the plaintiff evidently contemplated that it might take the case to the board in the event that the Commissioner's decision upon its abatement claim should not be satisfactory. There is no indication in this case that the parties anticipated any further assessment for 1918 but, on the contrary, they had in mind the Commissioner's decision making final the jeopardy assessment that had already been made, which decision did not occur until October, 1926. At the time both consents were entered into the parties were endeavoring to ascertain whether the assessment of the additional tax for 1918, which had already been made, was correct and what portion, if any thereof, should be

paid by the taxpayer. The case of Peerless Paper Box Manufacturing Co. v. Routzahn (D. C.) 22 F.(2d) 459, cited by plaintiff, is not in point. The court did not decide the question presented in this case. The consent there involved related to 1917 and expired by limitation under the Commissioner's ruling on April 1, 1924. Since the credit which was in question was not made until after that date, the court held that the 1917 tax was barred and that the credit was unlawful. Neither does the decision of the United States Board of Tax Appeals in Lamborn et al., 13 B. T. A. 177, support plaintiff's contention. In that case, the Board held that the consent in the case of Arthur H. Lamborn extending the time for assessment and collection expired on June 16, 1925, and the Commissioner's determination was not made until October 19, 1925.

It might be argued that the provisions of section 278(e)(2) of the Revenue Act of 1924 (26 USCA § 1062 note) and the decision in Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, had reference only to assessments completely perfected before June 2, 1924; that it was not intended to apply subdivision (e)(2) to jeopardy assessments prior to that date but not completed by due consideration and decision by the Commissioner until after June 2, 1924, in which case the Board of Tax Appeals had jurisdiction to review the Commissioner's decision. However, it is not necessary for us to consider this question. Under the provisions of the consent of November 20, 1925, the Commissioner had until March 1, 1927, which was 60 days after December 31, 1926, within which to collect the amount of the additional assessment for 1918 finally determined to be due. Since the amount of $5,720.42, which was the balance of the assessment in excess of the amount discharged by abatement and credit, was collected on July 8 and August 7, 1926, the plaintiff is not entitled to recover.

In view of our conclusion that the tax was not barred at the time it was collected, it is not necessary to pass upon the plaintiff's claim made in argument that since the tax was paid after February 26, 1926, section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249 note), had extinguished any liability therefor and that section 612 of the Revenue Act of 1928 (45 Stat. 875), repealing section 1106 of the Revenue Act of 1926, could not revive a liability for the tax.

The petition must be dismissed, and it is so ordered.