**GREYLOCK MILLS v. WHITE, Collector of Internal Revenue.**

**No. 4470.**

District Court, D. Massachusetts.

Jan. 13, 1932.

Arthur M. Robinson, of Pittsfield, Mass., and Sanford Robinson, of New York City, for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is an action brought against the collector of internal revenue for this district to recover income, war profits and excess profits taxes, asssessed for the period January 1 to June 30, 1918. The issues were presented upon an agreed statement of facts and documentary and other evidence offered at the hearing, from which the following facts appear:

The petitioner, a Massachusetts corporation, on March 15, 1919, acting in the belief that it should return on a calendar year basis, filed a tentative return for the calendar year of 1918, and on March 19, 1919, paid $100,000 on account of the estimated tax. The petitioner had kept its books on the basis of a fiscal year ending June 30, and later it was required to file a return for its fiscal year. On June 14, 1919, it filed a complete income and profits tax return for the fiscal year ending June 30, 1918. This return showed the income from July 1, 1917, to June 30, 1918. According to this return, the tax for the full fiscal year thereon, computed under the 1918 Revenue Act, amounted to $156,011.96. The amount of this tax attributable to the period falling within the calendar year 1918 was one-half of the total tax, or $78,005.98. Revenue Act 1918, § 335 (a), 40 Stat. 1095; Regulations 45, article 1622.

In August, 1919, the Commissioner, without an audit of the petitioner's books or records, and without making any change in the amount of income reported, or in the computation of the tax liability, made an assessment upon this return for this six-month period in the amount of $156,011.96. No explanation is offered for an assessment in excess of the amount shown on the return. On September 17, 1919, the petitioner filed a claim for a refund of the difference between $78,005.98 and the $100,000 already paid, and on December 30, 1919, filed a claim for an abatement in the amount of $56,011.96.

On January 12, 1923, the Commissioner advised the plaintiff that his tax liability was about $57,000 in excess of the original assessment. He then suggested that, if the plaintiff desired to question this determination, it execute the form of waiver accompanying his letter. On February 6, 1923, the waiver, duly executed, was received by the Commissioner and later signed by him. The waiver was unlimited as to time, and waived all limitations relating to the "determination, assessment and collection" of the tax "due under any return made by" said corporation under the Revenue Act of 1918 "for the years 1917–1920. * * *"

On August 27, 1925, the Commissioner sent the usual 30-day letter advising the plaintiff of an additional assessment for the first six months of 1918 of $14,568.67. The accompanying statement showed a total tax liability with respect to that period of $170,580.63 and an original assessment of $156,011.96. This was followed by the usual 60-day letter under date of December 18, 1925. Plaintiff filed an appeal to the Board of Tax Appeals on February 12, 1926. In the proceedings before the Board the parties entered into a stipulation that the correct amount of the deficiency was $9,878.13 added to an original assessment of $156,011.96. So far as the 1918 tax is concerned, the whole controversy before the Board of Tax Appeals related to the validity and effectiveness of the waiver to extend the time for an additional assessment beyond the statutory period. The Board of Tax Appeals (9 B. T. A. 1281) held the waiver to be valid and that it authorized the assessment and collection of the deficiency. Accordingly, the deficiency was assessed on May 5, 1928, and paid May 22, 1928. Thereafter, the petitioner on or about June 5, 1928, pursuant to the provisions of the Revenue Act of 1926 (section 1002 (d), 26 USCA § 1225 (d), sought a review in the Circuit Court of Appeals for the Second Circuit. That court, on April 1, 1929, affirmed the order of the Board of Tax Appeals. 31 F.(2d) 655. On June 20, 1929, the plaintiff filed a petition for writ of certiorari with the Supreme Court which was denied October 21, 1929. 280 U. S. 566, 50 S. Ct. 25, 74 L. Ed. 619.

Since the appeal to the Board of Tax Appeals was taken before the enactment of the Revenue Act of 1926, and was pending when the act was passed, the plaintiff did not lose its rights by its appeal to invoke the jurisdiction of this court. Revenue Act of 1926, § 283 (b), 26 USCA § 1064 (b). But all questions raised in the proceedings before the Board are res adjudicata. Revenue Act of 1926, § 283 (b). Old Colony Trust Company v. Commissioner of Internal Revenue, 279

U. S. 716, 728, 49 S. Ct. 499, 73 L. Ed. 918. The following matters, therefore, must fall within the doctrine of res adjudicata: (1) That the plaintiff's total tax liability for the period in 1918 ending June 30 was $165,890.09; (2) that of this amount $156,011.96 was assessed as an original assessment and $9,878.13 was assessed as a deficiency; (3) that the waiver of February 6, 1923, was a valid waiver, and was effective to extend the time for assessing said deficiency to the dates when it was, in fact, assessed; (4) that no adequate notice was given by the plaintiff to the Commissioner to the effect that after the lapse of a reasonable time the waiver would be regarded as at an end.

If the original assessment was erroneous, as it seems to have been, the error has been completely cured, and it is now too late to revise the assessment. Greylock Mills v. Commissioner of Internal Revenue, 18 B. T. A. 75.

The only question open to the petitioner at this time is whether the waiver can be extended to cover a collection in 1929 of the balance of an assessment made in 1919.

■ That a waiver extending the time for assessment also extends the time for collecting the tax so assessed must be conceded on the authorities. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; Aiken, Adm'x, v. Burnet, Com'r, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339; Brown & Sons Lumber Co. v. Burnet, Com'r, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343.

■ I am inclined to agree with the Circuit Court of Appeals for the Second Circuit that plaintiff's waiver was broad enough to authorize the collection of taxes already assessed as well as those subsequently assessed. Greylock Mills v. Commissioner of Internal Revenue, supra. Roy & Titcomb, Inc., v. United States (Ct. Cl.) 39 F.(2d) 753, affirmed without opinion 282 U. S. 811, 51 S. Ct. 197, 75 L. Ed. 727.

It is the plaintiff's first contention that the circumstances disclosed by the evidence require the conclusion that the parties intended that the waiver should be limited in its application to taxes thereafter assessed. While it is true that, when the waiver was given, the case of Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, had not been decided, and the Commissioner was proceeding on the assumption that the limitations of the statute did not apply to collection by distraint, I am unable to adopt the limited construction which plaintiff would give to the language of the waiver. I am satisfied that the waiver was intended to embrace all liability under the 1918 return then pending, whether then or thereafter determined. Compare Aiken, Adm'x, v. Burnet, Com'r, supra. When the waiver was given, a claim for refund and a claim for abatement of a portion of the original assessment were pending. Until the tax liability for the period had been accurately determined by the Commissioner, he would not know whether the plaintiff owed the tax assessed, and until these claims were passed upon he could very properly refrain from collecting the tax. It must have been contemplated by both the taxpayer and the Commissioner that the period of limitation would expire before such determination was reached. In fact, it had expired before the claims were rejected. There is nothing in the situation that shows that the parties did not intend what was clearly expressed in the terms of the waiver.

■ Secondly, the plaintiff contends that, if the waiver covered taxes already assessed, since it was not limited in time, it operated to extend the time for a reasonable period only, and that such reasonable period had expired before any steps were taken to collect the balance of the original assessment.

The pertinent facts bearing on this contention not already stated were that on August 13, 1925, a warrant of distraint was issued for the collection of this balance. A deputy collector undertook to serve the warrant on September 3, 1925, and again on December 18, 1925. Both attempts consisted of nothing more than a demand which was refused on the ground that the statute of limitations had run against the collection of this tax. On January 29, 1926, this balance was included in a report of uncollectible corporation taxes for the year 1918 forwarded to the Commissioner of Internal Revenue, who, on June 30, 1926, included the balance on a schedule of assessments abated as uncollectible. On September 13, 1929, this action was reversed and the balance restored to its original status.

According to the agreed statement of facts, the plaintiff received notice by letter, dated August 31, 1926, that its claim for refund of a portion of the tax originally assessed would be rejected, and the claim for an abatement was rejected in a schedule dated December 20, 1929, but it appears, in the 30-day letter dated August 27, 1925, that the petitioner was then advised that, since the audit of 1918 income and profits-tax return resulted in a deficiency of the tax for that

year, its claim for abatement of $56,011.96 would be rejected in full.

be made respecting the case of a taxpayer, believed to be solvent, who was contesting the right of the government to collect in administrative boards and the courts.

I see no merit in the plaintiff's claim that the interdepartmental steps taken in 1926, relative to the collection of this tax, operate to terminate the waiver. That the Commissioner did not accept the views of the plaintiff as to the effect of it on the statute of limitations is evidenced, not only by the litigation, but also by the fact that in 1927 he was canceling refund checks already issued, apparently with the object of using these refunds as credits if the litigation should terminate favorably to the government.

My conclusion is that the defendant was entirely within his rights in collecting the balance of the tax originally assessed.

Judgment for the defendant to be entered.