## THOMASTON COTTON MILLS v. ROSE, Internal Revenue Collector.

### No. 6742.

Circuit Court of Appeals, Fifth Circuit.

Jan. 18, 1933.

J. C. Murphy, of Atlanta, Ga., for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This was an action by a taxpayer to recover upwards of $32,000 which it had paid in satisfaction of a deficiency assessment upon income and profits taxes for the year 1919. From a judgment of the District Court denying the recovery sought, the taxpayer appeals upon the ground that the assessment was prematurely made, and was therefore void.

In 1924, within the statutory period of limitations, the Commissioner of Internal Revenue determined that the tax deficiency amounted to more than the sum finally collected; but after the limitation had run, acting under a waiver extending the time, and after considering a claim for abatement, in September, 1925, he reduced the amount of the deficiency tax to that conceded by the taxpayer to be due, and notified the taxpayer that, inasmuch as all its contentions had been granted, the deficiency as so reduced would be listed for immediate assessment. In October, 1925, or about 30 days after the revised deficiency had been determined, the Commissioner made the assessment. The taxpayer promptly paid the amount so assessed and conceded by it to be correct, but four years later it brought this suit. It now challenges the assessment and the collection made under it, because the Commissioner did not notify it that it had the right to appeal within 60 days from the date of final determination of the deficiency to the Board of Tax Appeals, and made the assessment before the expiration of the time allowed for an appeal.

The Revenue Act of 1924 in section 274 (a), 26 USCA § 1048 note, requires the Commissioner, if he determines that there is a deficiency in respect of income taxes, except in the case of a jeopardy assessment, to notify the taxpayer, and allows to the taxpayer 60 days after notice within which to appeal to the Board of Tax Appeals. It is provided in subdivision (b) of the same section, 26 USCA § 1049 note, that upon determination by the Board that there is a deficiency, the amount thereof shall be assessed by the Commissioner and shall be paid by the taxpayer upon notice and demand from the collector of internal revenue. The statute does not provide that the Commissioner shall notify the taxpayer of his right of appeal, although a regulation of the Treasury Department does contain such a provision. The failure of the Commissioner to so notify the taxpayer and the assessment of the tax within the 60 days allowed for appeal are at the most mere irregularities in procedure of which the taxpayer after he has paid the tax cannot complain. A taxpayer is presumed to know the law, and therefore appellant knew without being told by the Commissioner that it had the right of appeal. But all other questions aside, appellant is not entitled to recover, because admittedly it owed the tax which it paid. This is an action in the nature of a suit for money had and received. It is governed by equitable principles, and, in order to maintain it, appellant must show that appellee has money in his hands which in equity and good conscience he ought to pay over to it. As appellant does not deny that it justly owed the money for the recovery of which it sues, it follows that the judgment appealed from was right. Bailey v. Railroad Company, 89 U. S. (22 Wall.) 604, 22 L. Ed. 840; Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293.

The judgment is affirmed.