## JONES MERCANTILE CO. v. UNITED STATES.
### No. L–414.

Court of Claims.

Nov. 5, 1934.

W. Bissell Thomas, of Washington, D. C. (Francis R. Lash, of Washington, D. C., on the brief), for plaintiff.

John A. Rees and W. W. Scott, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This case comes within the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611) and plaintiff is therefore not entitled to recover the additional taxes and interest on the ground that payment thereof was made more than five years after returns for 1918 and 1919 were filed. Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415. Nor can we find merit in plaintiff's contention that collection of the tax was illegal and void because the notices and certificates of overassessments, setting forth the results of the Commissioner's determination and final decision of the case, were not sent by registered mail. When this case originated, the United States Board of Tax Appeals had not been created and the Commissioner notified plaintiff by registered mail of the proposed deficiencies and gave it a right to appeal to the agency then in existence for the determination of such cases. This the plaintiff did, and the tax was subsequently assessed.

Plaintiff was given an opportunity to appeal, and did appeal, in accordance with the statute in force at the time the Commissioner determined the deficiencies and advised plaintiff thereof by registered mail. All information submitted in support of the appeal within the time allowed was considered by the Commissioner before the deficiencies were assessed and payment demanded. Inasmuch as the plaintiff had been given the privilege afforded by section 250 (d) of the Revenue Act of 1921 (42 Stat. 264, 265), the Commissioner could have refused to entertain the abatement claim. However, he authorized the collector to accept an abatement claim, and such claim, with a bond, was filed. The claim was subsequently considered by the Commissioner, with the result that small overassessments were determined for each year. The Commissioner thereupon mailed plaintiff a written notice of his final decision, and, in addition, mailed to it certificates of overassessment setting forth his final decision. The final notice and the certificates of overassessment were mailed to plaintiff by the Com-

missioner in 1925, after the Board of Tax Appeals had been established. At that time the Commissioner did not interpret a decision by him upon an abatement claim as being the determination of a deficiency within the meaning of section 274 or section 280 of the Revenue Act of 1924, and it was not his practice to mail notices of such decisions by registered mail. Certain taxpayers, however, in a situation similar to that of plaintiff, did appeal to the Board of Tax Appeals in cases where the Commissioner had denied abatement claims and demanded payment of the additional taxes theretofore assessed, and the Board of Tax Appeals held that it had jurisdiction in such cases. We think the record in this case shows that plaintiff received sufficient notice for the purpose of an appeal to the Board of Tax Appeals under the accepted practice at that time. Roy & Titcomb, Inc., v. United States, 39 F.(2d) 753, 69 Ct. Cl. 614. Plaintiff, however, made no attempt to take its case before the Board of Tax Appeals when it received the Commissioner's final notices, and, so far as the record shows, it was not deprived of any substantial right because of its failure to do so or because the Commissioner's notices were not sent by registered mail. Hartwell Mills v. Rose (C. C. A.) 61 F.(2d) 441; and Thomaston Cotton Mills v. Rose (C. C. A.) 62 F.(2d) 982. Plaintiff chose the alternative remedy provided by the statute, and it is not now in position to complain. The petition is dismissed. It is so ordered.