344

**HEINEMANN CHEMICAL CO. v. HEINER,**
Collector of Internal Revenue.

No. 6256.

Circuit Court of Appeals, Third Circuit.

Sept. 10, 1937.

J. M. Magee, of Pittsburgh, Pa., John E. Hughes, of Chicago, Ill., and Edmund W. Arthur, of Pittsburgh, Pa., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court entered in favor of the collector of internal revenue because the appellant taxpayer had not appealed to the United States Board of Tax Appeals within 60 days after notice from the Commissioner of Internal Revenue by an unregistered letter that it was not entitled to a special assessment of its corporate profits taxes for the year 1918.

The appellant filed its income tax return for 1918 and paid its tax thereon except $23,174.51, for which it filed a claim in abatement. The Commissioner rejected this claim, and in February, 1924, made a jeopardy assessment of additional income and profits taxes of $10,372.28 against appellant for 1918 under the provisions of subdivision (d) of section 250 of the Revenue Act of 1921 (42 Stat. 264, 265). On April 19, 1924 appellant filed a claim for abatement of these taxes, and at the same time filed an application to have its profits taxes for 1918 determined by a special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093). On March 15, 1924, appellant filed a claim for refund of $19,000 on the ground that it was entitled to have its profits taxes for 1918 determined by special assessment.

On April 25, 1925, by registered letter, the Commissioner notified the appellant that its application for special assessment had been refused and its claims for refund and abatement had been denied. The appellant thereupon filed with the Commissioner a protest, and the Commissioner, after a hearing on the protest and consideration of the new evidence submitted, notified the taxpayer by an unregistered letter dated December 17, 1925, that its petition for a special assessment had been denied for the reason that no abnormality

affecting either its capital or income had been disclosed which would bring the case within the scope of the provisions of sections 327 and 328 of the Revenue Act of 1918 entitling it to a special assessment and that the case was "deemed closed."

Because this last letter was not registered as it believed the statute required, the appellant did not either pay the tax which the Commissioner determined that it owed or appeal to the Board of Tax Appeals. In consequence the collector of internal revenue issued his warrant of distraint and under it seized $20,170.50. On December 11, 1928, the appellant filed a suit in the Supreme Court of the District of Columbia for a writ of mandamus to compel the Commissioner to issue a "sixty-day" letter by registered mail showing his final determination of appellant's tax liability from which an appeal could be taken to the Board of Tax Appeals. The Supreme Court issued the writ, but the Court of Appeals reversed the judgment of the Supreme Court.

On June 15, 1930, appellant filed a claim for refund on the ground that the money had been illegally collected from it. The Commissioner rejected the claim by letter dated November 12, 1930, and this suit to recover the money was filed in the District Court on July 8, 1932, within 2 years as required by the statute. Rev. St. § 3226, as amended (26 U.S.C.A. §§ 1672–1673).

The question which arises out of these facts is whether or not the failure of the Commissioner to notify the appellant on December 17, 1925, by registered letter that its claims to a special assessment, refund, and abatement had been denied, deprived it of the right to appeal to the Board of Tax Appeals. That in turn depends upon whether or not the letter of December 17, 1925, was the final letter closing the case. If it was, the District Court erred in treating the letter of April 25, 1925, as the final determination.

The Commissioner says that this question was settled in the suit for a mandamus in the District of Columbia. Lucas v. United Sates, 59 App.D.C. 159, 36 F.(2d) 1015.

In that case the court merely decided that the appellant was not entitled to the highly prerogative writ of mandamus because of laches, it having delayed 2½ years before seeking the writ. The question there was different from the one in

this suit in which the appellant seeks to recover taxes claimed to have been illegally collected because it was denied the computation of its taxes under a special assessment. This question was not in issue in that case and so was not decided there. That the Commissioner had not notified the appellant by registered letter of the rejection of its application for special assessment and for refund was stated in that suit and made the basis of the petition for the writ of mandamus, but the Court of Appeals refused the writ and reversed the Supreme Court on the ground of laches without passing upon the merits of the question here involved. So the question decided there is not res judicata here.

■ The taxpayer says that the registered letter of April 25, 1925, was not the final determination of the deficiency from which it could appeal to the Board of Tax Appeals, but that it was a so-called "thirty-day" letter from which it could not appeal. In that letter the Commissioner said: "The Collector of Internal Revenue for your district will be officially notified of the rejection at the expiration of thirty days from the date of this letter." An appeal could not be taken from such a letter. United States ex rel. Dascomb et al. v. Board of Tax Appeals, 56 App.D.C. 392, 16 F.(2d) 337.

■ If, in the case of a taxpayer, the Commissioner determines that there is a deficiency in his taxes, he must notify the taxpayer "of such deficiency by registered mail," and within 60 days after such notice the taxpayer may file an appeal with the Board of Tax Appeals. Section 274(a) Revenue Act of 1924 (43 Stat. 297). It is evident that the determination of the Commissioner from which an appeal must be taken within 60 days is the final determination. Otherwise a proceeding might be going on before the Commissioner upon an issue after an appeal embracing that same issue had been taken. In the case at bar it was 8 months after the Commissioner sent the notice in his registered letter on April 25, 1925, before he disposed of the protest, finally determined the question of special assessment, and notified the taxpayer on December 17, 1925. Until this final determination on December 17, 1925, the taxpayer did not and could not know what the final determination of the Commissioner would be, and until that was known no appeal

could be taken. The determination to which section 274(a) of the Revenue Act of 1924 refers is the final determination, and the letter of April 25, 1925, though registered, was not the final determination in this case, and, if a determination which might have been final, depending upon the action of the taxpayer, had been sent by the Commissioner before his final determination, he should again have notified the taxpayer by "registered letter," as the statute directs, of his final determination. Any other method of notice does not comply with the statute and is invalid. The method directed by the statute is mandatory. Henry M. Day v. Com'r, 12 B.T.A. 161; Wilson v. Commissioner, 16 B.T.A. 1280. In the latter case at page 1290, the Board said:

"Since the original mailing did not under our decisions constitute such a notice as the statute contemplates, in that it was not mailed to the correct address, and since the second notice enclosing the first did not constitute a compliance with the statute in that it was not registered, it is apparent that no notice, either for the year 1922 or 1923, such as that provided for by statute was ever sent to the petitioner. As a consequence, we must hold that there is no basis for a proceeding before this Board in the case of this petitioner for either of the years 1922 or 1923, and, being without jurisdiction, we dismiss the proceeding."

In the case of Botany Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379, the Supreme Court said: "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

■ When the Commissioner on April 25, 1925, notified the taxpayer by registered letter that its claims for a refund and special assessment had been "denied," it had either of two courses to pursue: It could have appealed to the Board of Tax Appeals within 60 days in accordance with the provisions of section 274(a) of the Revenue Act of 1924, or it could, in accordance with the Regulations, have within 30 days filed a protest with the Commissioner against the rejections and submitted new evidence and requested a conference. It chose the latter course, as will be seen from the following extract from the Commissioner's letter of December 17, 1925: "After a careful review of your protest and of all the evidence submitted

in support of your contention and of the additional information presented by your representatives in conference held June 9, 1925, you are advised that the Bureau holds that your application under the provisions of sections 210 [Revenue act 1917] and 327 [Revenue act 1918] for assessment of your profits tax * * * has been properly denied, for the reason that no abnormality affecting either your capital or income has been disclosed. * * * Your case is, therefore, deemed closed." The procedure followed by the taxpayer was authorized by Regulations ·65, Article 1211, promulgated under section 1001 of the Revenue Act of 1924 (43 Stat. 339). On May 22, 1925, the Commissioner with the approval of the Secretary of the Treasury, promulgated T.D. 3708 amending article 1211 of Regulations 65. Among other things it, as amended, provided that: "All protests pending in the Income Tax Unit (to which protests are referred) and not actually referred to the Solicitor prior to the effective date hereof will be carefully considered and an opportunity afforded for a hearing in the Income Tax Unit, if a hearing has not already been held. After consideration of the protest by the Income Tax Unit, final determination will be made and the taxpayer notified thereof by registered letter."

The notice required to be sent by section 274(a) of the act is the final notice closing the case. After the taxpayer filed its protest, the notice contained in the letter of April 25, 1925, could not be considered the final notice closing the case. It would have been final, had the protest not been filed, but the filing of the protest opened the case, and no one could tell what the result of the consideration of the new evidence and conference would be. It was mandatory that the final decision resulting from the consideration of the protest be sent by "registered letter." It is the notice of the final determination of the deficiency contained in the "registered letter" that gives the taxpayer the right to appeal. Until such notice of the final determination of the deficiency had been sent in the · present case by "registered letter" as the statute required, so that appeal might be taken to the Board, the collector did not have the right to seize the money belonging to the taxpayer. When he seized the money in 1928 which the taxpayer is seeking to recover by this suit, section 274(a) of the Revenue Act of 1926 (44 Stat. 55) was in force. This

section provided that: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed, * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final." So, when the collector seized the money here in question, he exceeded his authority and collected it illegally.

The same argument as the Commissioner made in this case was made by the government on facts almost identical with those here involved in the case of United States ex rel. Dascomb et al. v. Board of Tax Appeals of the United States, supra, but the Court of Appeals of the District of Columbia rejected it, and we think its conclusion is sound.

█ If the taxpayer had admitted that it owed the money, but refused to pay merely because it did not receive notice by registered letter of the Commissioner's determination after considering its protest, it could not prevail. Thomaston Cotton Mills v. Rose (C.C.A.) 62 F.(2d) 982. But it protests that it does not owe the taxes, that it is entitled to a special assessment of its taxes, and that, if so assessed, it would be determined that nothing is due the government. The Board of Tax Appeals alone, under the facts of this case, has jurisdiction to review the determination of the Commissioner and finally decide that question. Cramer & King Co. v. Commissioner (C.C.A.) 41 F.(2d) 24, 26; Duquesne Steel Foundry Co. v. Commissioner (C.C.A.) 41 F.(2d) 995; Blair v. Oesterlein Co., 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249; Williamsport Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985; Heiner v. Diamond Alkali Co., 288 U.S. 502, 53 S.Ct. 413, 77 L.Ed. 921. But the Commissioner made it im-

possible by his failure and refusal to comply with the requirement of the statute to have this question redetermined. Instead, he proceeded to collect the tax illegally by distraint and seizure and the taxpayer is entitled to recover the amount illegally seized.

The judgment is reversed and a new trial awarded.