PAKAS v. CLARKE.

(Supreme Court, Appellate Division, First Department.    February 4, 1910.)

SPECIFIC PERFORMANCE (§ 92*)—DEFECTIVE TITLE—CORRECTION.

Where, under a contract to convey real estate, the title at the time fixed for the transfer was defective, but the defect was subsequently remedied, the purchaser may be required to perform specifically as of the date of the judgment, if the title is good at the time of the trial of the action for specific performance, if nothing has taken place to his prejudice which would make performance on his part inequitable.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 233-244; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by Solomon L. Pakas against Walter J. Clarke. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Albert I. Sire, for appellant.
John Frankenheimer, for respondent.

McLAUGHLIN, J. This action was brought for specific performance of a contract for the sale and purchase of real estate. At the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time fixed (June 30, 1908) for the closing of the contract by the delivery of a deed of conveyance, the defendant refused to perform, alleging as a reason several defects in the title, and that the plaintiff had not leased the premises to one Hurley for 15 years, as he had agreed to do. The trial court found, and the evidence is sufficient to sustain the findings, that all but one of the objections to the title, including the lease referred to, were, at the time fixed for closing the contract, without merit. The property which the plaintiff contracted to convey consisted of an apartment hotel, and the court found that there existed, on the 30th of June, 1908, unexpired leases of some five apartments therein, which constituted the one exception alluded to. As to the leases of these apartments, he found that they were all terminated on or prior to October 1, 1908, and specific performance was decreed as of that date.

The disposition made of the issues by the trial court is entirely satisfactory, except as to the date fixed for specific performance. The trial was commenced in May, 1909, and completed in June. The judgment is dated June 24, 1909, and I am of the opinion that specific performance should have been decreed as of that date. The appellant contends that, inasmuch as the plaintiff's title was not good at the time fixed for closing the transaction, he could not thereafter be compelled to complete the purchase, even though the title had been perfected. This would be so, if the action were at law; but it is not. It is one in equity, and must be determined upon equitable principles. In an equitable action, the rule seems to be settled that a purchaser will be required to perform specifically if the title is good at the time of the trial, even though defective at the time fixed for performance of the contract, if, in the meantime, nothing has taken place to his prejudice which would make performance on his part inequitable. Schmidt v. Reed, 132 N. Y. 108, 30 N. E. 373; Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; Jenkins v. Fahey, 73 N. Y. 355; Baumeister v. Demuth, 84 App. Div. 394, 82 N. Y. Supp. 831, affirmed 178 N. Y. 630, 71 N. E. 1128. Nothing appeared at the trial to indicate that anything had taken place between the time fixed for the closing of the contract and the trial by which it would be inequitable or work to the prejudice of the defendant then to decree specific performance; the title having been perfected.

The respondent, however, urges that if the court erred in decreeing specific performance as of the 1st of October, 1908, then it should not be decreed as of a later date than November 13, 1908, because on that day the defendant was informed, by a reply interposed to his counterclaim for damages, that the title had, by the termination of the leases, been perfected on the 1st of the preceding October. I do not think that the mere allegation in the reply that the title had been perfected was sufficient to put the defendant in default, or to enable the plaintiff to claim specific performance as of the time when the reply was served. Defendant was entitled to something more, in view of what had transpired, than the plaintiff's assertion, in the form of a pleading, that the title was good. If the plaintiff desired to have the defendant specifically perform as of that date, then he should have tendered to him a

deed of conveyance, and at the same time informed him that the defects theretofore complained of had been removed and that the title was then good. Not having done this, the defendant had a right to wait until the plaintiff proved at the trial that what he asserted was true, viz., that he had a good title.

The judgment appealed from, therefore, should be modified, by directing specific performance as of the date of the judgment, June 24, 1909, and, as thus modified, affirmed, with costs to the respondent. All concur.