## SCUDDER v. LEHMAN.

(Supreme Court, Appellate Division, First Department.   February 3, 1911.)

1. SPECIFIC PERFORMANCE (§ 92*)—TIME FOR PERFORMANCE BY PLAINTIFF—REASONABLE TIME.

The plaintiff and the defendant agreed in writing for an exchange of property, fixing April 15th for the closing of the contract. The time was extended to April 26th to enable the plaintiff to obtain an extension of a mortgage, so that he could perform, and on that date the time was again extended, without fixing a time within which the plaintiff should obtain the extension. On May 7th plaintiff notified defendant that he would close the contract between May 20th and May 27th, and was then told by defendant's attorney that the deal was off. Plaintiff's action for specific performance was begun on June 2d, and the extension was actually obtained on June 24th. *Held*, that the plaintiff had put himself

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in a position to perform within a reasonable time, and that this was a sufficient performance on his part.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 233–244; Dec. Dig. § 92.*]

2. VENDOR AND PURCHASER (§ 78*)—CONSTRUCTION OF CONTRACT—TIME.

Time is not of the essence of a contract for the purchase and sale of real estate, unless made so by the parties.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 121, 125; Dec. Dig. § 78.*]

3. SPECIFIC PERFORMANCE (§ 92*)—TIME AS OF ESSENCE OF CONTRACT—WHEN PLAINTIFF IN DEFAULT—NOTICE.

Where negotiations under an agreement for the conveyance of property, in which time was not of the essence, go over to an indefinite time to enable one of the parties to put himself in a position to perform, that party will not be in default, until after notice from the other party to perform in a specified time.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 233–244; Dec. Dig. § 92.*]

4. SPECIFIC PERFORMANCE (§ 92*)—SUFFICIENCY OF PERFORMANCE BY PLAINTIFF—PERFORMANCE AT TIME OF TRIAL.

A party who has contracted to exchange real estate by an agreement, in which time is not of the essence, and by whose delay the other party has not been prejudiced, is entitled to specific performance if he can perform at the time of trial.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 233–244; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by John H. Scudder against Henry Lehman. From a judgment for defendant, the plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Alfred G. Reeves, for appellant.
Jacob B. Engel, for respondent.

McLAUGHLIN, J. On the 1st of April, 1909, the parties to this action entered into a written agreement by which the defendant was to assign to the plaintiff a mortgage for $27,500 on certain real estate in the city of New York in consideration of the plaintiff's conveying to him certain other real estate in such city, which conveyance was to be subject, according to the contract, to two mortgages, one for $65,000, which according to the contract had about two years to run, and the other for $10,000. The time fixed for closing the contract by the delivery of the assignment and conveyance was April 15, 1909, at 12 o'clock noon at the office of defendant's attorney. The parties met at the time and place named, and it was then discovered that the $65,000 mortgage had only fourteen months to run, instead of two years. The attorney for the defendant, speaking for him, said:

"There is no use in talking. You must extend that mortgage for two years, and we will pass the title."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To enable the plaintiff to get the extension, an adjournment was taken until the 26th of April, when the parties again met, the defendant being represented by his attorney, who, upon being informed that the extension had not then been obtained, consented to a further adjournment, saying:

"You had better get yourself within the contract as soon as you can and we close the contract. We close the deal according to the contract."

No time was mentioned when this adjournment was taken within which the plaintiff was required to bring himself within the terms of his contract by procuring the extension. The parties then separated, and the plaintiff proceeded at once to enter into negotiations with a third party looking towards the purchase of the mortgage and extending the time of its payment. The negotiations had been carried on to such an extent that on the 2d of May, 1909, he informed the defendant's attorney of what he had done, and that he felt certain he could procure an extension of the time, to which the attorney responded, "All right, go ahead and get yourself within the contract." Five days later he notified the attorney that he had succeeded and would be ready to close the transaction on the 20th of May, in reply to which the attorney said: "The deal is off." On the 10th of May defendant's representative was informed in writing by plaintiff's counsel that the plaintiff was ready and willing to carry out the terms of the contract, and would be able to do so at any time between the 20th and 27th of May, and, unless he heard from the defendant before the 27th of May, he should conclude he refused to carry out the contract on his part. Nothing further was heard from the defendant, and thereupon this action was commenced on the 2d of June, 1909, to compel the defendant to specifically perform. The answer put in issue the plaintiff's right to specific performance, and at the trial, at the close of plaintiff's case, the court held plaintiff was not entitled to the relief asked, and from the judgment entered upon a decision to that effect the plaintiff appeals.

During the course of the trial the plaintiff sought to prove that on the 24th of June he actually obtained a written extension of the time of payment, for the period of two years, of the mortgage in question. This proof was objected to, and the learned trial court sustained the objection, "on the ground, first, that you have pleaded that you had the extension between the 20th and 27th days of May, and on the second ground that this was not within a reasonable time." Exception was taken to this ruling, and the plaintiff then endeavored to prove that the reason why he did not obtain an extension before the 24th of June was the declaration of defendant's representative on the 7th of May that "the deal is off." This evidence was excluded, the court saying:

"What I am going to hold in this case is that while a person has a reasonable time, where the action is in equity, to comply with the contract, he has got to get ready to carry out the contract within that reasonable time, and he cannot come in and say, first, that he did not carry it out because he should have had a reasonable time to make the title good, and then attempt on top of that to excuse why he did not do it within a reasonable time, and that when, under these circumstances, plaintiff did not obtain the extension

until the 24th of June, it is too late and is not within a reasonable time; that is, the plaintiff was not within a reasonable time in a position to carry out his contract."

Exception was also taken to this ruling.

I am of the opinion that the rulings of the trial court were erroneous. When the parties met on the 26th of April, the defendant was represented by his attorney. Whatever the attorney did in connection with the closing bound the defendant to the same extent as if the defendant had been present himself. The adjournment then taken was binding upon the defendant, and, no time being mentioned within which the plaintiff was to procure the extension, gave him a reasonable time in which to accomplish that result. I think, upon the facts presented, he put himself in a position to perform within a reasonable time. Bank v. Thomson, 55 N. Y. 7; Pakas v. Clarke, 136 App. Div. 492, 121 N. Y. Supp. 192. Time is not the essence of a contract for the purchase and sale of real estate unless it is made so by the parties themselves. Hubbell v. Schoening, 49 N. Y. 326; Kahn v. Chapin, 152 N. Y. 305, 46 N. E. 489; Lese v. Lamprecht, 196 N. Y. 32, 89 N. E. 365. Not only this, but the adjournment on April 26th being indefinite in point of time, some affirmative act had to be taken by the defendant before the plaintiff could be said to be in default; that is, the defendant had to notify the plaintiff that, unless he was ready to carry out the contract by a specified time, he should consider him in default and refuse to perform. Schiffer v. Dietz, 83 N. Y. 300; Pakas v. Clarke, supra. Not having done this, in the absence of anything tending to establish that the delay had worked to the prejudice of the defendant, or subjected him to any damage, entitled the plaintiff to have specific performance decreed, if he could perform even at the time of the trial. It must be borne in mind that the action is in equity. That being so, in the absence of some provision in the contract making time the essence of it, a purchaser will be required to specifically perform if the title is good at the time of the trial, even though defective at the time fixed for performance in the contract, if in the meantime nothing has taken place to defendant's prejudice which would make performance on his part inequitable. Schmidt v. Reed, 132 N. Y. 108, 30 N. E. 373; Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; Baumeister v. Demuth, 84 App. Div. 394, 82 N. Y. Supp. 831; affirmed 178 N. Y. 630, 71 N. E. 1128.

Here time was not made the essence of the contract, and the record is barren of any evidence tending to show that plaintiff's delay in procuring the extension in any way damaged the defendant or worked to his prejudice, or that it would be inequitable to compel him to do what he agreed to do. It seems to me, therefore, the undisputed facts, as well as the erroneous rulings of the trial court on the admission of evidence, require a new trial.

The judgment appealed from, therefore, is reversed and a new trial ordered, with costs to appellant to abide event. All concur.