SADIE M. BEGEN, Appellant, *v.* ISABELLA M. PETTUS et al., Respondents.

**Vendor and purchaser — contract to purchase real property — specific performance — findings.**

1. A refusal to find is not the equivalent of a finding to the contrary.

2. Findings of fact examined in an action to recover an amount deposited under a contract for the purchase of real property, and *held*, that defendants are entitled to judgment on their counterclaim, for specific performance as of a date when a deed curing a defect in title was first tendered, but that plaintiff should not be charged with interest on the purchase price, nor with taxes, accruing prior to that date.

*Begen* v. *Pettus*, 167 App. Div. 622, modified.

(Argued April 1, 1918; decided May 7, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1915, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term in an action to recover the amount deposited on a contract to purchase real property. Defendants counterclaimed, demanding specific performance. The specific objection upon which the purchaser rested her refusal to accept the deed and complete the purchase was an alleged overlapping of the land under water included in the contract by an earlier grant of land under water. Upon the trial the fact of the overlap was contested and the trial court specifically refused to find that such overlap did in fact exist. The Appellate Division held: "Unless the overlap did exist, and the burden was upon the plaintiff to prove it, the defendants were not in default when the vendee refused to complete the purchase, and what they did or failed to do after that date becomes immaterial. The refusal to find that the overlap existed leaves plaintiff wholly in the wrong."

*Charles E. Hughes* and *Harold Swain* for appellant.

*Moses J. Stroock, Edward F. Spitz* and *Walter H. Crittenden* for respondents.

*Per Curiam.* The refusal of the trial court to find that on May 21, 1903, the date to which the closing of title to the premises described in the agreement referred to in the complaint was adjourned, the defendants did not have title to, and were not able to convey, a good and marketable title to the portion of the land under the water of Long Island Sound, described in chapter 293 of the Laws. of the state of New York, 1884, known as the overlap, was not the equivalent of a finding to the contrary and does not leave plaintiff wholly in the wrong. (167 App. Div. 622, 626.) The requested finding was not material under the theory on which judgment for the defendants was granted. (*Galle* v. *Tode,* 148 N. Y. 270, 277.)

The findings of the trial court that plaintiff had been guilty of laches in failing to plead defendants' laches in perfecting their title are not essential to sustain the judgment appealed from. The position of the plaintiff is that defendants never had a legal right to enforce the contract. The trial court has found that there was no laches in their failure to perfect title before the first trial. The case had been sent back for a second trial for the reason that defendants were guilty of laches in not acquiring a complete title before the trial (144 App. Div. 476), but on the second trial the facts found and unanimously affirmed by the Appellate Division are to the effect that the delay in making a good title was due to plaintiff's conduct and that the situation of the parties had not materially changed in the meantime. Defendants are, therefore, entitled to judgment for specific performance as of April 18, 1910, when the deed from the executrix of the will of Elias D. Hunter, curing the defect, was first tendered, but plaintiff should not be charged with interest on the purchase price, nor with taxes, accruing prior to that date. (*Merchants Bank* v. *Thomson,* 55 N. Y. 7; *Pakas* v. *Clarke,* 136 App. Div. 492; affd., 203 N. Y. 534.)

The judgment should be modified accordingly and as so modified affirmed, without costs to either party.

CHASE, COLLIN, CUDDEBACK, HOGAN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.