HERMAN FROST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25184.  Promulgated May 27, 1931.

*R. C. Ogden, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, for the respondent.

414

OPINION.

SEAWELL: No question is raised in this proceeding as to the correctness of the deficiencies asserted against the Gnu Investment Company, but errors were assigned by the petitioner to the effect that no liability exists on his part as transferee under the provisions of section 280 of the Revenue Act of 1926, and that even if such liability arose by reason of the transfer of assets from the corporation to him, any deficiencies which may be due from the corporation are now barred from collection from him. With respect to the first error, we think it clear from the record that, while the form of conveyance by which the assets of the corporation were transferred to the petitioner was through a bill of sale, in effect and in substance what occurred was nothing more than a liquidation by the corporation to its sole stockholder. A consideration of $5,000 was named in such bill of sale, but the petitioner purported to pay only $2,000 and this amount merely passed from the petitioner to a so-called trustee or agent and back through a fictitious name to the petitioner himself. The amount of the consideration named or paid was thus immaterial. The reason for the use of Glover in connection with the transfer was because of certain litigation then pending against the petitioner, but this litigation was in no sense connected with Federal taxes 'and the Commissioner stipulated that the purpose of the transfer in the manner carried out was not to

avoid Federal taxes. On the whole, in so far as our present question is concerned, we think the transfer may be viewed as if made to the petitioner instead of Glover, and both parties seem to accept this view of the situation. The Commissioner, however, urges that in view of the terms of the bill of sale to the effect that Glover, who was acting for the petitioner, obligated himself to pay all existing indebtedness and obligations accrued or owing on the date of the transfer, the petitioner should be held liable under the bill of sale for the deficiencies here in question, regardless of the value of assets received by the petitioner. In view of all the circumstances, however, we are of the opinion that this is not the ordinary case of an outright purchase of the assets for a stated consideration and the assumption of liabilities as additional consideration, but rather a liquidation of the corporation to its sole stockholder. When looked at in this manner, we have the usual situation of a transferee within the meaning of section 280 who may be held liable for taxes of the transferor in an amount not in excess of the value of assets received by him.

The evidence offered as to the value of assets received by petitioner was both indefinite and inconclusive in many respects. A balance sheet was presented which purported to show the financial condition of the corporation on March 31, 1921, but the testimony showed that it was prepared only in part from the books of the corporation and could not be relied upon even to show a financial condition from a book standpoint. Evidence was presented as to the value of various assets which appeared on the balance sheet and which were taken over by the petitioner and this evidence showed a value much smaller than that indicated by the balance sheet. For example, the Commissioner's witness testified that the corporation's furniture and fixtures, which were listed on the balance sheet at approximately $21,000, would have had a value of approximately $10,000 with a five-year lease on the premises, but that their value independent of the lease was not in excess of $1,500. On March 31, 1921, the lease had only three months to run. Similar evidence was offered with respect to good will—$20,000 with a five-year lease, but "would not be worth anything to speak of" with a lease for only three months. In short, the evidence introduced with respect to all assets did not show a value in excess of $3,700 on the basis of conditions existing at March 31, 1921, and since section 912 of the Revenue Act of 1926, added to that act by section 602 of the Revenue Act of 1928, places the burden of showing the extent of petitioner's liability upon the Commissioner, we are unable to find a liability in excess of that amount.

The final issues relate to the statute of limitations. The return for 1917 was filed on March 26, 1918, and prior to the expiration of the statutory period applicable thereto three waivers, unlimited as to time for assessment and collection, were filed. All three waivers were given on or before February 15, 1923, and under the pronouncement of the Commissioner, expired not later than April 1, 1924. The additional assessments which are now outstanding for 1917 were made prior to April 1, 1924, which was likewise prior to the passage of the Revenue Act of 1924. While the aforementioned act provided that a timely assessment made thereunder might be collected at any time within six years after it was made, such provision did not operate to extend the time for the collection of assessments made prior to its passage. *Russell* v. *United States*, 278 U. S. 181. The collection of the assessments for 1917 from the transferor was accordingly barred after April 1, 1924, which was, of course, prior to the passage of the Revenue Act of 1926. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. Notice of liability to the petitioner as transferee was mailed on January 14, 1927. However, as indicated in *Caroline J. Shaw, Executrix*, 21 B. T. A. 400, section 280 of the Revenue Act of 1926 was not intended to, and did not, revive remedies for enforcing liabilities which were unenforceable before its passage because of the bar of the statute of limitations. It accordingly follows that the deficiency for 1917 is barred from collection from the petitioner.

As to the year 1918, the return was filed on April 15, 1919, and within five years therefrom, or on January 17, 1924, a waiver was filed in the name of the corporation and signed by the petitioner, which provided for the " determination, assessment and collection " of any tax which might be found to be due under the return for 1918, without any limitation as to the time within which such determination, assessment and collection might be made. The execution of the waiver by the petitioner for the corporation was within the powers conferred upon him by section 400 of the Civil Code of California, which was in effect for the years here in question. We have heretofore held that where a waiver is filed (other than one of the character referred to under the preceding issue for 1917), which provides for a determination, assessment and collection, irrespective of any period of limitations, the Commissioner has a reasonable time within which to act. *Cunningham Sheep & Land Co.*, 7 B. T. A. 652; *Greylock Mills*, 9 B. T. A. 1281 (affd., 31 Fed. (2d) 655, and certiorari denied, 280 U. S. 44A); *William S. Doig, Inc.*, 13 B. T. A. 256; and *Corn Products Refining Co.*, 22 B. T. A. 605. What is a reasonable time may vary according to the peculiar circumstances of a given case. In the case under consideration the

original statutory period for collection for 1918 expired on April 15, 1924, and the Revenue Act of 1926 was passed on February 26, 1926, making an extended period of approximately 22 months within' which the Commissioner might have acted before the aforementioned act was passed. In the *Cunningham Sheep & Land Co.* and *William S. Doig, Inc.*, cases, *supra*, we held that 20 months and 2 years, respectively, did not constitute unreasonable lengths of time within which the Commissioner might act. As in the *Doig* case, the petitioner is not here contending, and we find no evidence to warrant the conclusion, that the Commissioner failed to determine the deficiency within a reasonable length of time. We do know that at or about the time the waiver was filed an assessment was made and that an abatement claim was filed on account thereof. It further appears that the abatement claim contained a request for consideration under the relief provisions (sections 327 and 328) of the Revenue Act of 1918, and that a very confused state of affairs existed with respect to the records of the corporation and the liability of the parties concerned on account of the dissolution of the corporation and the transfer of the assets to Glover in 1921 as trustee for petitioner and later in 1925 a retransfer to petitioner by Glover. In view of the record here presented, we are of the opinion that a reasonable time within which the Commissioner might act had not expired at the time of the passage of the Revenue Act of 1926, and therefore the collection of the deficiency from the corporation (transferor) was not barred at that time. We have also held that where the period of limitation for collection from the taxpayer or transferor expires after the enactment of the Revenue Act of 1926, the Commissioner has the additional period of one year provided by section 280 (b) (1) of the Revenue Act of 1926 for assessment against the transferee. *Louis Costanzo*, 16 B. T. A. 1294; *J. A. Kemp*, 20 B. T. A. 875; and *American Locker Co.*, 21 B. T. A. 408. The notice of liability to the petitioner as transferee was mailed on January 14, 1927, or within one year after the passage of the Revenue Act of 1926, and it accordingly follows that the notice was timely and that the collection of the deficiency of the transferor from the petitioner is not barred.

The return for 1919 was filed on March 20, 1920, and prior to the expiration of the statutory period for assessment, but prior to the enactment of the Revenue Act of 1924, the assessment was made of the deficiency for that year. The statutory period for collection expired on March 20, 1925 (section 250 (d) of the Revenue Acts of 1918 and 1921). No waivers were filed for such year. An almost identical situation existed in the case of *Phil Gleichman*, 17 B. T. A. 147, with respect to the same year, where we held, on the authority of

*Russell* v. *United States, supra,* that since the assessment was made prior to the passage of the 1924 Act and the period for assessment expired thereafter, but prior to the enactment of the Revenue Act of 1926, the collection of such assessment was barred at the time of the enactment of the Revenue Act of 1926. The notice of liability to the petitioner was mailed on January 14, 1927, and therefore under the same reasoning which we followed with respect to the return in this case for 1917 collection may not now be made from the petitioner. As to the deficiency for the three-month period ended March 31, 1921, the return was not filed until November 24, 1923, and the statutory period for collection thereunder was four years from the date the return was filed. (Section 250 (d) of the Revenue Act of 1921). The notice of liability to petitioner as transferee was mailed on January 14, 1927, or within one year after the passage of the Revenue Act of 1926. Since the four-year period did not expire until after the passage of the Revenue Act of 1926, the same reasoning which we applied with respect to the return in this case for 1918 makes necessary the conclusion that such deficiency is not now barred from collection from the petitioner.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*