## BIG FOUR OIL & GAS CO. v. HEINER, Collector of Internal Revenue.

### No. 4623.

Circuit Court of Appeals, Third Circuit.

March 1, 1932.

William W. Booth, W. A. Seifert, and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Atty., Bureau of Internal Revenue, both of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Edwin J. Dowd, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court in an action to recover income taxes for the year 1909, and interest, alleged to have been collected illegally from the appellant, the Big Four Oil & Gas Company.

The appellant paid its income tax for 1909 as shown on its return. Nothing further happened until March 2, 1923, when the appellant signed and filed, at the request of the Commissioner of Internal Revenue, the following waiver, which is unlimited in time, consenting to the assessment of any additional tax for 1909: "The Big Four Oil & Gas Company, Pittsburgh, Pennsylvania, a corporation organized under the laws of the State of Delaware; hereby consents to the assessment of any and all taxes imposed by the Act of Congress approved August 5, 1909, and shown or found to be due on the

basis of its net income received from all sources during the year 1909, and said corporation hereby waives any statutory limitation as to the time in which such taxes and penalties should have been assessed."

Thereupon the Commissioner, on March 15, 1924, assessed an additional tax for 1909. On July 7, 1924, the collector of internal revenue gave the appellant notice of the assessment and demanded payment. This it refused for the reason that the tax was barred by the statute of limitations.

A second notice and demand were issued in June, 1927, and the final notice and demand on July 6, 1927. These were followed in the same month by a warrant for distraint. The warrant was returned in November, 1927, to the Commissioner, as uncollectible, but it was executed a year later, on November 23, 1928, by distraint on a bank deposit of the appellant.

Thereupon, the appellant filed a claim for refund which was duly considered and rejected, and this suit followed.

The Supreme Court has decided that an unlimited waiver, executed after the expiration of the period of limitation, is operative. But this case does not decide how long it remains operative after its execution. Stange v. United States, 282 U. S. 270, 273, 51 S. Ct. 145, 147, 75 L. Ed. 335. The appellant insists that an unlimited waiver permits assessment and collection only within a reasonable time after its execution, and that the period in this case between assessment and collection is entirely unreasonable. Warner Sugar Refining Co., 4 B. T. A. 5; Wirt Franklin v. Commissioner, 7 B. T. A. 636; Cunningham Sheep & Land Co., 7 B. T. A. 652; William S. Doig, Inc., 13 B. T. A. 256.

The present case is like the Stange Case, save that here a longer period of time elapsed between the deficiency assessment and the collection of the tax. The only question, therefore, to be decided is whether or not the unlimited waiver filed March 2, 1923, authorized the collection by distraint in November, 1928, of the tax assessed on March 15, 1924.

If such a waiver does require the Commissioner to act within a reasonable time, the evidence was sufficient to allow the court below to say that the period between the assessment, March 15, 1924, and the collection of the deficiency, November 8, 1928, was not unreasonable, because shortly after the assessment the appellant filed a claim for credit which was duly considered and rejected prior

to June 24, 1927, when the second notice and demand were issued. These were followed by the other notices, demands, and warrants as above stated. The warrant was returned as uncollectible, and the appellant, by its attorney, again denied liability on the ground that the statute of limitations had run. Collection was made a year later in November, 1928. No question is raised as to the reasonableness of the period between the filing of the waiver and the date of the deficiency assessment, but it appears that four and a half years elapsed between the assessment and collection of the item. In that time the appellant filed a claim for credit which was evidently rejected in 1927. The delay in collecting the tax must have been caused by the time required to consider the appellant's claim for credit. It cannot object to a delay that it caused.

The interval of three years during which the appellant's claim for credit was being considered is long, but not unreasonable, when caused by the taxpayer, in view of the mass of other claims and returns demanding the attention of the Commissioner.

At any rate, the period from March, 1924, to February 26, 1926, the effective date of the Revenue Act of 1926, is not unfair, under the circumstances. Section 278 (d) of the Revenue Act of 1926 (26 USCA § 1061 and note) provides that, where the assessment of income tax "has been made (whether before or after the enactment of this act) within the statutory period of limitation properly applicable thereto," such tax may be collected by distraint if begun within six years after the assessment of the tax. So here the collection made in 1928 was well within the six-year period for collection allowed after assessment.

The Supreme Court has pointed out that "a waiver is not a contract, * *. * [but] is essentially a voluntary, unilateral waiver of a defense by the taxpayer." Stange v. United States, supra. Again, the court said that "the instruments were nothing more than what they were termed on their face—waivers." Florsheim Bros. Drygoods Co. v. United States, 280 U. S. 453, 466, 50 S. Ct. 215, 219, 74 L. Ed. 542.

In Greylock Mills v. Lucas, Commissioner of Internal Revenue, 31 F.(2d) 655, 658, certiorari denied 280 U. S. 566, 50 S. Ct. 25, 74 L. Ed. 619, the Circuit Court of Appeals for the Second Circuit said: "But there is also another ground equally fatal to appellant's contention. If waivers which are in

terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time, say three or four months, from the date of such notice. In such a rule there is no harshness to either party; on the contrary, it seems to us the most reasonable one. An analogy may perhaps be found in the case of contracts for the sale of land, where time does not ordinarily become of the essence, unless expressly so stated, until notice is given by one party and an opportunity afforded to the other to act. * * * In the instant case, no such notice was given to the Commissioner, and we think the waiver remained outstanding, so that he was entitled to act at his leisure."

This rule seems reasonable, and the present case falls within its scope.

The judgment of the District Court is affirmed.