**UNITED STATES v. HORNE.**

No. 13918.

United States District Court
S. D. California, Central Division.

Feb. 6, 1953.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for plaintiff.

Baird & Cruikshank and Benjamin W. Shipman, Los Angeles, Cal., for defendant.

HALL, District Judge.

The United States seeks in this proceeding, filed March 10, 1952, to recover the sum of $4,847.55 for income taxes assessed against one James W. Horne, now deceased, for the years 1924, 1925, 1926 and 1927. On March 6, 1930, assessments for the taxes then due for those years were regularly levied against James W. Horne. Some of the amounts then due have since been paid, leaving a claimed balance as above stated.

On December 11, 1931, the taxpayer, James W. Horne, signed waivers of the statute of limitations to the effect that the taxes may be collected "by distraint or by a proceeding in court begun in court at any time." James W. Horne died on or about June 29, 1942.

The action comes before me on a motion to dismiss after answer filed which admits that James W. Horne died on or about June 29, 1942, and it must be taken as true from the pleadings and the briefs that for a period eleven years between the date of the signing of the waiver on December 11, 1931 to June 29, 1942, the date of the death of Horne, no distraint or proceedings of any kind were commenced against Horne for the collection of the taxes.

The defendant, Freda Cleo Horne, is the executrix of the estate of James W. Horne, deceased. A claim was filed by the Commissioner of Internal Revenue in the probate proceedings in Los Angeles County

936

and was rejected on April 5, 1946. No appeal was taken from that rejection.

The basis of the defendant's motion to dismiss is that the waiver of the statute of limitations does not extend until this late date, twenty-eight to twenty-five years after the taxes became due.

Section 276(c) of Title 26 U.S.Code fixes the statute of limitations at six years after the assessment of the tax, but provides that the period may be extended to permit proceedings begun, " * * * (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period."

The waiver was signed within the six-year period so that question is not before the court.

Cases involving the execution of waivers such as we have here, which are generally described as "unlimited" waivers have been before the Board of Tax Appeals which held that the phrase "at any time" means only within a reasonable time. Frost v. Commissioner, 23 B.T.A. 411; Loeser v. Commissioner, 27 B.T.A. 601. In the latter case other previous cases by the Board of Tax Appeals to the same effect are cited. The Second Circuit, in Greylock Mills v. Commissioner, 1929, 31 F.2d 655, 658, applied the norm of reasonableness and held that such waivers would expire if the taxpayer gave notice to the Commissioner that he regarded the waiver as at an end, in the following language:

"If waivers which are in terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time, say three or four months, from the date of such notice. In such a rule there is no harshness to either party; on the contrary, it seems to us the most reasonable one. An analogy may perhaps be found in the case of contracts for the sale of land, where time does not ordinarily become of the essence, unless expressly so stated, until notice is given by one

party and an opportunity afforded to the other to act. See Myers v. De Mier, 52 N.Y. 647; Scudder v. Lehman, 142 App.Div. 631, 127 N.Y.S. 470; Brede v. Rosendale Terrace Co., 216 N.Y. 246, 250, 110 N.E. 430; Boston & Worcester St. Ry. Co. v. Rose, 194 Mass. 142, 80 N.E. 498; Martindale v. Waas, C.C.Minn., 8 F. 854. In the instant case, no such notice was given to the Commissioner, and we think the waiver remained outstanding, so that he was entitled to act at his leisure."

This same view is adopted by the Third Circuit in Big Four Oil & Gas v. Heiner, 1932, 57 F.2d 29, 31, where that court quoted the above quotation from the Greylock case, supra, and said "This rule seems reasonable".

■ I adopt the rule expressed in the Greylock case, supra, and the Big Four Oil & Gas Co. case, supra, and hold that the unlimited waiver covers only a reasonable time and that such a reasonable time is terminated by notice from the taxpayer to the Commissioner.

■ Whether the mere lapse of time of twenty-two years from the date of the assessment in 1930 until March 10, 1952, is a reasonable time or not, is unnecessary to determine in this case as, in my judgment, the rejection of the claim by the executrix of the estate on April 5, 1946 was a notice to the Commissioner that the executrix no longer regarded the waiver as in force and that it was at an end. This proceeding was filed within six years from the date of rejection. The six years will not expire until April 5, 1953 and the suit was filed on March 10, 1952.

But in my judgment the notice from the taxpayer did not re-establish the full six years.

In United States v. Markowitz, D.C.N.D. Cal.1940, 34 F.Supp. 827, the court had under consideration the meaning of a limited waiver and held that the waiver merely suspended the statute of limitations while it was in force. The Court said, 34 F.Supp. at page 830, "When the running of the statutory period of limitations is

suspended, the limitation period is *arrested*; it is prevented from running *any further* during the time of the suspension, and when the time of suspension is over the statutory period of limitations *commences* to run again." (Italics supplied.)

The court also quoted with approval Olds & Whipple v. United States, 22 F. Supp. 809, 819, 86 Ct.Cl. 705, wherein it considered the meaning of the word suspended in connection with a statute of limitations and stated, " 'Suspended' was here used in its common and general usage, meaning held in abeyance, temporarily inoperative, arrested, interrupted, stopped for a time."

From the foregoing it is my conclusion that the statute of limitations began to run on the date of the assessment, namely, March 6, 1930 and continued to run for one year and nine months until the date of the waiver, December 11, 1931; that the statute was suspended for the period from December 11, 1931 to April 5, 1946, a period of approximately fifteen years; that the statute began to run again on April 5, 1946, the date of the rejection of the claim in probate; that the rejection of such claim was a notice that the waiver was at an end; that on April 5, 1946 there was a total of four years and three months of the statute left to run which, added to the one year and nine months of the statute which had expired before the date of the waiver, would make the six-year statute of limitations expire on August 5, 1950, which was the last date a proceeding in court or distraint could be commenced against the defendant.

The suit not having been filed until May 10, 1952 must, therefore, be dismissed as having been filed beyond the period of the statute of limitations and the period during which the waiver was in force.

There is another question in the case which the parties have not raised or pressed, that is, whether or not the United States is also barred by virtue of their failure to proceed further in the State courts after the rejection of the claim in the probate court. There is authority, United States v. Paisley, D.C.1938, 26 F. Supp. 237, to the effect that the final action of a probate court is a final judgment. But in view of the fact that this point is not pressed it is not passed on.

There is also a claim against Freda Cleo Horne, individually, based upon allegations somewhat vague, to the effect that between December 1933 and June 1942 Horne accumulated $1007, and that he transferred $707 of that to the defendant, Freda Cleo Horne, individually, without a fair consideration. The basis for any recovery on this claim would be the liability of Horne and inasmuch as the statute of limitations has run against any assertion of liability for the tax against Horne or his executrix, it has also run against any claim which might be asserted against Freda Cleo Horne as an individual.

The motion of the defendant to dismiss is granted.

The defendant will prepare judgment of dismissal in accordance with this memorandum.