**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Charles H. MORTELL, Defendant.**

**No. 63 C 29.**

United States District Court
N. D. Illinois, W. D.

Nov. 10, 1965.

Edward V. Hanrahan, U. S. Atty., Thomas J. Curoe, Asst. U. S. Atty., Chicago, Ill., for the United States.

Dale F. Conde, Rockford, Ill., for defendant.

WILL, District Judge.

This is an action by the United States for the collection of taxes withheld by the defendant as an employer under the laws relating to the withholding of income taxes of employees, the Federal Contribution Act and the Federal Unemployment Tax Act. The government seeks

entry of partial summary judgment in its favor, respecting the amounts claimed to be due and owing from the third quarter, 1951, and the first and second quarters of 1953.

Defendant admits that he is an employer under the relevant statutory provisions and agrees that the government's computation of the amount due for the period in question, $6,138.73, is correct. The instant motion is opposed on the theory that this action is barred by the statute of limitations notwithstanding the fact that the defendant purportedly agreed to waive the benefit of the statute when submitting offers in compromise to the Internal Revenue Service.

Absent any agreed suspension of the statute, an action to collect the amounts due from 1951 could not have been filed after June 6, 1958. However, on December 14, 1956, the defendant submitted an offer in compromise, agreeing to suspend the running of the statute "while the offer is pending and for one year thereafter". The offer was orally rejected on September 22, 1959, 2 years, 9 months and 8 days after it was made. Adding the additional year specified in the agreement, the original expiration date was thus extended to March 14, 1962. A second offer, containing similar language, was submitted on December 19, 1960 and rejected 3 months and 10 days later, extending the statutory period to June 24, 1963. This suit was filed on June 19, 1963.

Defendant contends that an "unlimited waiver", such as contained in his offers in compromise, is effective only for a "reasonable time" and that the 2 years, 9 months and 8 days which elapsed between submission of the first offer and its rejection is patently unreasonable. He further contends that agents of the Internal Revenue Service advised him that his offer would be accepted or rejected within three months. While unlimited waivers are subject to withdrawal after a reasonable time, the cases uniformly hold that such a period is determined by the taxpayer's notice to the Commissioner: "If waivers which are in terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time * * *." Greylock Mills v. Commissioner, 31 F.2d 655, 658 (2 Cir. 1929). See also, United States v. Horne, 109 F.Supp. 935 (S.D.Cal.1953) and cases cited therein.

The defendant here acknowledges that he never advised the Commissioner (or any of his subordinates) that his offer—and the attendant agreement to suspend the running of the statute—was withdrawn. In fact, the defendant states that beginning approximately two months after the date of the first offer, he continually requested a determination as to whether the offer had been accepted or rejected. Rather than being an indication that the offer had been withdrawn, defendant's conduct reflects his decision to keep the offer alive and necessarily implies his willingness to abide by its terms.

Defendant also suggests that the suspension agreement in the initial offer in compromise is defective for want of a "definite" period of collection. The statute, 26 U.S.C. § 6502, neither employs nor implies the word "definite". It refers only to a period agreed upon by the taxpayer and the Commissioner. That period is clearly stated in the agreement as "while the offer is pending and for one year thereafter". The fact that it is open-ended does not make it any less of an agreement.

This action was filed within the statutory period, as extended by agreement of the taxpayer. Accordingly, the motion of the United States for partial summary judgment will be granted and judgment entered against the defendant for $6,138.73, together with interest according to law.