■ TELMARK, INC., Appellant, et al., Plaintiff, v CHARLES AYERS, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered December 18, 1979 in Washington County, upon a decision of the court at a Trial Term, without a jury. On September 26, 1977, defendant executed an agreement to purchase certain realty in the Town of Granville, Washington County, owned by plaintiff Telmark, Inc. By letter dated January 25, 1978, defendant's attorney advised counsel for plaintiff that his client was no longer interested in consummating the transaction. The instant action for specific performance, commenced by plaintiff the following month, produced a trial of the issues without a jury in August of 1979 and resulted in a judgment which dismissed the complaint and made an award to defendant on his counterclaim for expenses incurred in proceeding with the contract. This appeal by plaintiff ensued. Initially, we note that the agreement did not provide that time was of the essence and, despite defendant's testimony that he wanted to effect the transfer within 30 days, there was no evidence he ever insisted upon a specific closing date. The parties were thus entitled to a reasonable time to perform their respective obligations under the contract (cf. *Grace v Nappa,* 46 NY2d 560, 565). When a survey completed in October of 1977 revealed that plaintiff did not own all of the described parcel it had agreed to sell, defendant might have been entitled to treat plaintiff's title as incurably defective and to recover his down payment (see *Cohen v Kranz,* 12 NY2d 242). We need not address such issues, however, for matters continued beyond that point. Defendant, after informing plaintiff about the difficulty which had arisen, entered into negotiations with those who were reputed to hold superior title to the questioned portion, seeking to buy it as well as a larger segment of unrelated contiguous lands. For reasons which are not entirely clear, his efforts proved unsuccessful and, as previously mentioned, defendant then withdrew from further participation in the agreement. The trial court ruled that there was insufficient written evidence to support what it viewed as an attempt by plaintiff to obtain relief based on a theory that the parties' contract had been validly modified. Although this perception of the nature of the action was warranted by comments made at the outset of the trial, plaintiff's attorney later made it plain that judgment was demanded on the ground defendant had

unjustifiably refused to fulfill the original accord. Because of this misconception, the trial court did not reach or decide the merits of plaintiff's contentions. In our opinion, specific performance should have been granted and, accordingly, we reverse the present judgment. At the very least, defendant's conceded efforts to rectify a flaw in plaintiff's title must be regarded as an election on his part to extend the time for performance since he obviously had no contractual responsibility to behave in such a fashion. Once it became apparent that his actions would not lead to a resolution of the situation, plaintiff would be without excuse to delay the closing and would have to cure the defect, if possible, within a reasonable time to avoid default (cf. *Cohen v Kranz*, 12 NY2d 242, *supra*). However, instead of presenting this option to plaintiff, defendant simply abandoned the transaction. The evidence was undisputed that, shortly thereafter, plaintiff represented that it was able to convey good title and yet defendant repeated his lack of further interest in the matter. Under these circumstances, the mere fact that plaintiff did not secure a deed to the disputed area until the date of trial over one year later will not defeat its claim, inasmuch as defendant has failed to establish that his position changed during the intervening period making performance inequitable (see *Begen v Pettus*, 223 NY 662; *Pakas v Clarke*, 136 App Div 492, affd 203 NY 534; *Wanger v Zeh*, 45 Misc 2d 93, affd 26 AD2d 729). Accordingly, specific performance should be decreed as of August 23, 1979, the date on which defendant stipulated that Telmark, Inc., had acquired title (see *Pakas v Clarke, supra*). Judgment reversed, on the law and the facts, without costs; defendant's counterclaim dismissed and judgment directed to be entered in favor of plaintiff Telmark, Inc., ordering defendant to specifically perform the agreement dated September 26, 1977 as of August 23, 1979. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.